# Waxelbaum & Son *v.* Bell.

*Statutory Trial of Right of Property to Stock of Goods.*

1. *Relevancy of evidence tending to establish debt, consideration of transfer of goods.*—On the trial of a statutory claim suit, the claimant asserting title to the goods under a purchase from the defendants in attachment in satisfaction of an antecedent debt for money lent, evidence showing her ability to make the loan at the time is relevant and admissible; and as tending to show her ability, a note and mortgage executed by her to a bank for a loan of about the same amount, or executed by her husband for her and in her name, is relevant and admissible.

2. *General objection to writing as evidence.*—A general objection to the admission of a written document as evidence, not specifying any particular ground of objection, is too general and indefinite, and does not present for revision a special objection urged in this court for the first time.

3. *Burden of proof as to ownership of property.*—On a trial of the right of property in a stock of goods, between a plaintiff in attachment and a purchaser from the defendant, the *onus* is on the plaintiff, in the first instance, to show that the goods belonged to the defendant at the time of the levy; but, when he has proved that his debt antedates the claimant's alleged purchase, that the defendant was insolvent at the time, and that the sale conveyed substantially all of his property, in payment of an antecedent debt, the *onus* is shifted to the claimant to establish the validity of his purchase.

4. *Misleading charge.*—A charge which asserts a correct legal proposition, though, when referred to the facts of the case, it may have a tendency to mislead the jury, may be corrected by explanatory instructions, and is not ground of reversal.

5. *Argumentative charges*, though objectionable, are not ground of reversal.

APPEAL from the Circuit Court of Dale.

Tried by the Hon. JESSE M. CARMICHAEL.

This was a statutory trial of the right of property in and to a stock of goods, between Waxelbaum & Son, plaintiffs in attachment against Bell & Stallings, a mercantile partnership doing business in the town of Ozark, and Mrs. S. A. Bell as claimant, who was the mother of one of the partners of said firm, and the mother-in-law of the other. The plaintiffs' attachment was sued out on the 27th September, 1889, and was levied, the same day, on the stock of goods in the store-house in which Bell & Stallings had been carrying on their business. The claimant asserted title to the goods under a purchase from Bell & Stallings, as evidenced by a bill of sale which was dated September 23d, 1889, and which

recited as its consideration the payment and satisfaction of an antecedent debt amounting to $3,916.65; and her husband and attorney being in possession of the store and the goods, when the sheriff went to levy the attachment, and claiming the goods in her name, the sheriff required a bond of indemnity from the plaintiffs before he would make the levy. "It was admitted by claimant, on the trial, that Bell & Stallings, individually and as a partnership, were insolvent on the 23d September, 1889, owing mercantile debts to wholesale merchants in Montgomery, Eufaula, and other cities, amounting to more than $8,000, including plaintiffs' debt of $1,288.02, and had nothing subject to the payment of their debts except their stock of goods, which was worth about $4,000." The claimant's evidence showed that the young men composing the firm of Bell & Stallings commenced business as partners, in December, 1887, without money or property; that she then lent them $1,700, and other sums at subsequent dates, taking their notes for the several loans, which aggregated the amount stated in the bill of sale as the consideration paid for the stock of goods; and these notes were produced on the trial. The claimant's husband testified for her that, in February, 1888, he borrowed for her, from the John McNab Bank in Eufaula, the sum of $1,688.50, giving a note in her name, and a mortgage on her property to secure it; and this note and mortgage were admitted as evidence, against the objection and exception of the plaintiffs.

The court gave several charges to the jury on request of the claimant, and among them the following : (4.) "The issue before the jury is, whether the property levied on is the property of Bell & Stallings, and subject to the attachment. The plaintiffs are called upon to show this; and unless they show this to the reasonable satisfaction of the jury, the jury must find a verdict for the claimant; and the plaintiffs are required to do this by legal and competent evidence." (5.) "No words or declarations on the part of Bell & Stallings, or either of them, will or can affect claimant's title to the goods, if she was the *bona fide* owner of them at the time the attachment was levied." (6.) "The fact, if it be a fact, that Stallings told the witness Simmons he wished he had failed for double the amount, can not affect the claimant's title to the goods attached, if they are her property, or were at the time of the levy." The plaintiffs excepted to each of these charges, and here assign them as error, together with several rulings on evidence.

H. D. CLAYTON, for appellants.

H. L. MARTIN, *contra.*

McCLELLAN, J.—We find no error in the admission of the note and mortgage executed by John F. Bell, Sr. to the John McNab Bank. The evidence tended to show that the note was given for money borrowed in February, 1888, by Bell, as the agent of his wife, the present claimant; that the mortgage, though signed alone by Bell, covered his wife's property, and that the money so borrowed belonged to the wife. About, or after the time of this transaction, the evidence further tended to show the husband loaned money belonging to his wife to the defendants, Bell & Stallings, the sum or sums so loaned constituting, with $1,700 advanced in the previous December, the debt due from that firm to the claimant, which, it is alleged, was satisfied by the sale to her of their stock of goods in September, 1889. Plaintiffs in attachment having made out a *prima facie* case, the *onus* was upon the claimant to show that she had a *bona fide* debt against the defendants, in payment of which she took the goods at a fair valuation. Her ability to make the loans to defendants—the fact that she had funds which could be so applied—was relevant to the inquiry. The note and mortgage in question, explained as they were by the witness Bell, tended to show that she had the means necessary to the creation of the debt, and hence, in some degree, to establish its *bona fides;* and were properly allowed to go the jury.

If these papers were objectionable as evidence upon any special ground, it was not brought to the attention of the trial court, the objection there made being entirely general; and it will not avail now to operate a reversal of the cause.—*Carlisle v. Killebrew*, 89 Ala. 329.

We have carefully examined the several charges given at the request of the claimant, and find them free from reversible error. It may be that some of them, while asserting correct legal propositions, had a tendency, when referred to the facts of the case, to mislead the jury; but, if so, explanatory instructions should have been asked. This is, perhaps, true with respect to the charge No. 4 which, while correctly casting on the plaintiff the burden of proving that the property levied on was at the time of the levy the property of the defendants (Code, § 3007; *Foster v. Goodwin*, 82 Ala. 384; *Wollner v. Lehman*, 85 Ala. 274), may have misled the jury to the conclusion, that the *onus* remained with the plaintiffs throughout the trial, when it very clearly appears that the burden was shifted to the claimant, by proof on plaintiffs' part that the defendants were insolvent, that their debt antedated the bill of sale under which Mrs. Bell claimed, and that by that bill of sale the defendants sold substantially all of their property to

her, on the recited consideration of a debt due from them to her. If the plaintiffs apprehended this result, they should have requested a charge in explanation which would have obviated it.—*Smith v. State,* 86 Ala. 28; *Blackburn v. State, Ib.* 595.

Others of these charges, as for instance, Nos. 5 and 6, are objectionable, because argumentative; but this infirmity would not require a reversal of the judgment.

The judgment of the Circuit Court is affirmed.