# Henson v. The State.

*Indictment for Manslaughter.*

1. *Manslaughter; evidence of concealed weapon inadmissible.*—On a trial under an indictment charging defendant with manslaughter by shooting deceased with a pistol, evidence that the pistol, with which the killing was done, was concealed about the defendant's person prior to the shooting, is irrelevant, immaterial and impertinent.

2. *Same; evidence as to how defendant was dancing inadmissible.*—On a trial under an indictment for manslaughter, evidence that a certain described one of three women who were present at the time of the homicide, which occurred at a dance, was defendant's partner, is impertinent and inadmissible; such woman not being shown to have been otherwise involved in or connected with the homicide.

3. *Same; charge to the jury; fault in provoking the difficulty.*—On a trial under an indictment for manslaughter, a charge which instructs the jury that "The burden is not on the defendant to prove that he was not at fault in bringing on the difficulty; but if there is a reason-

able doubt from the evidence as to who was at fault in provoking the difficulty, and * * * as to the guilt of the defendant, you must find the defendant not guilty," asserts a correct proposition as to the burden of proof, but is properly refused as being misleading, if the jury might have found that the evidence of defendant's danger and inability to retreat did not require them to determine where the fault in provoking the difficulty lay.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant was indicted and tried for manslaughter, and was convicted of manslaughter in the first degree, and sentenced to two years imprisonment in the penitentiary.

Upon the trial of the cause, the evidence for the State tended to show that upon the defendant saying that some one, using a very opprobrious epithet in reference to such person, had stolen his whiskey, Dan Hall asked him if he meant that he had stolen it, that defendant said no, and used the same epithet towards the person who had; that upon Dan Hall pushing the defendant and telling him not to talk that way to him, the defendant shot and killed him. The solicitor asked the witness Taylor, who had testified to these facts, the following question: "Did the defendant have the pistol concealed about his person from ordinary observation?" The defendant objected to the question, the court overruled his objection, and the defendant duly excepted. The witness answered: "Yes, the pistol was concealed." The solicitor then asked the witness the following question: "Did you see the defendant shortly before the difficulty and at the time of the difficulty, and did he have on a coat, and was there any pistol exposed to view?" The defendant objected on the ground that "the defendant was on trial for manslaughter, and that having a concealed weapon was immaterial, irrelevant and foreign to the issue." The court overruled the objection, and the defendant duly excepted, and the witness answered that the defendant did have on a coat, and that he did not see the pistol until the killing occurred.

The testimony for the defendant tended to show that Dan Hall, the deceased, entered the house where the defendant was dancing, and, cursing him, asked him if he meant to say that he had stolen his whiskey; that the defendant said no, and that Hall cursed him again, and

[Henson v. The State.]

pushing him back in the corner of the house, struck him with a chair, and that as he went to strike him the second time, the defendant fired upon him.

The bill of exceptions contains the following statement as to certain evidence : "The solicitor, on cross-examination, asked the witness this question : 'Was the fight in Molly Burns' house ?' The defendant objected and the court overruled the objection, and defendant excepted. Witness answered yes, and that there were three women present. The solicitor asked the witness which one of the women was John Henson's partner, and was it not that long, tall, slim one named Josie? The defendant objected, the court overruled the objection, and defendant excepted ; and witness said yes."

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give said charge as asked : "The burden is not on the defendant to prove that he was not at fault in bringing on the difficulty ; but if there is a reasonable doubt from all the evidence as to who was at fault in provoking the difficulty, and from the evidence there is a reasonable doubt as to the guilt of the defendant, you must find the defendant not guilty."

COLEMAN & BANKHEAD, for appellant.—The evidence as to the pistol being concealed about defendant's person prior to the killing was inadmissible.—*Rogers v. State,* 62 Ala. 173. Section 3727 of the Code of 1886 has no application, for two reasons : 1st. The indictment was not drawn under that section ; and 2d. The undisputed evidence showed that this defendant was not the assailant.—*Scales v. State,* 96 Ala. 69.

The charge requested by defendant asserted a correct proposition of law, and should have been given.—*Henson v. State,* 112 Ala. 41.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The defendant was not indicted for murder, but for manslaughter, the charge being that he "unlawfully and intentionally, but without malice, killed Dan Hall by shooting him with a pistol." Section 3727 of the Code, which declares that "when the

killing in any sudden rencounter or affray is caused by the assailant by the use of a deadly weapon, which was concealed before the commencement of the fight, his adversary having no deadly weapon drawn, such killing is murder in the second degree, and may, according to the circumstances, be murder in the first degree,'' has, therefore, no bearing on this case. Manslaughter in the first degree may be included in the statutory murder denounced by that section, yet it would be of no advantage to the prosecution under an indictment for manslaughter to prove murder under this statute, since in so doing not only the concealment of the deadly weapon with which the killing was done would have to be proved, but also every fact essential to manslaughter in the first degree; and the evidence of such essentials could neither be aided by proof of the concealment, nor impaired in its force and legal effect by the absence of such proof. We are unable to conceive, therefore, that the evidence admitted below against defendant's objection to the effect that the pistol with which the killing was done was concealed about his person up to the time he drew it on the deceased, could have exerted any influence in the case, except the wholly illegitimate one of aggravating the punishment of the offense charged, by a consideration of the offense of carrying a concealed weapon, of which the defendant may have been also guilty, but for which he was not indicted. The killing, if not done in self-defense, was unlawful whether the weapon had previously been concealed or not; and the fact of concealment has no relevancy to the inquiry as to self-defense. So, too, as to the intent: No question is made or arises in the case upon the intention of the defendant: all the evidence shows that he intentionally shot the deceased. And if it did not, if there was conflict or room for diverse inference on this point, it is inconceivable that evidence of the *concealment* of the pistol about the person could shed any light on the inquiry. That the defendant was armed with a deadly weapon before and at the commencement of the altercation may tend to show a deadly intent at the moment of using the weapon, but it is impossible to see that such tendency would be at all strengthened by the fact that he had it concealed about his person. The circuit court erred in allowing evidence that the pistol was concealed to go to

the jury : it was irrelevant and impertinent, and should have been excluded.

We are also unable to see the pertinency of the fact that of the three women present at the time of the kill-ing—which occurred at a dance in the house of one Molly Burns—"that long, tall, slim one, named Josie" was the defendant's partner ; the said Josie's personality not being otherwise injected into or identified with the case.

The charge requested by the defendant correctly as-serts that the burden of proof as to fault in bringing on the difficulty is not on the defendant ; but its tendency clearly was to mislead the jury to the conclusion that if there was a reasonable doubt as to who was at fault in bringing on the difficulty, they should acquit, when the jury might have found that no predicate for an inquiry as to where the fault lay had been made by evidence of defendant's mortal or grievous peril and inability to safely retreat. The court did not err in refusing the charge.

Reversed and remanded.