# Henson *v.* The State.

*Indictment for Manslaughter.*

1. *Threats by deceased; when inadmissible in evidence.*—On a trial under an indictment for murder or manslaughter, a general, indefinite threat, made by the deceased the afternoon of the night he was killed, not mentioning the defendant, and not shown to have reference to him, is inadmissible in evidence for the defendant.

2. *Witnesses; impeachment by proving statements conflicting with testimony*—Where, on a trial under an indictment for manslaughter, a witness, after stating that he was present at the killing, further testifies to evidence showing that the deceased was the aggressor in the difficulty, it is competent for the State to impeach the testimony of such witness, by showing that he was without knowledge of the facts to which he testified, and to this end, to prove that he made a statement to another witness, that at the time of the killing, he was outside of the house wherein the shooting occurred.

3. *Same; same.*—In the trial of a criminal case, a witness may be impeached by proof of statements made by him in conflict with the testimony given on the trial, although, in response to questions for the purpose of laying a predicate for such impeachment, the witness stated that he did not remember whether he made the statements inquired about or not.

4. *Homicide; self-defense; reasonable belief of necessity to take life; charge to the jury.*—Where, on a trial under an indictment for murder or manslaughter, it is open for the jury to conclude

from the evidence that the defendant, when he fired the fatal shot was in no danger, real or apparent, of grievous bodily harm, or of death, a charge requested by the defendant, which assumes that the defendant can invoke self-defense if only he was without fault in bringing on the difficulty, and fails to hypothesize the necessity, real or apparent, for striking the fatal blow, in order for him to escape present, impending danger of grievous bodily harm, or of death, is erroneous and properly refused.

5. *Charge of court to jury; error without injury.*—Where, on a trial under an indictment for manslaughter, the court in its general charge to the jury instructs them that if they find the defendant guilty of manslaughter in the first degree they must fix his punishment at hard labor for the county for a period of not less than one, nor more than two years, instead of imprisonment in the penitentiary for ten years, as provided by the statute (Cr. Code of 1896, § 4861), though erroneous, is favorable to the defendant, and such error will not work a reversal of the judgment, (Cr. Code of 1886, § 4333).

6. *Homicide; trial and its incidents; verdict of jury.*—Where, on a trial under an indictment for manslaughter the jury returns a verdict of "guilty of manslaughter in the first degree, and fixes his punishment at hard labor for the county of Walker for one year," the fixing of the place and period of punishment is mere surplusage, and does not interfere with the discretion of the trial judge in imposing the punishment as prescribed by statute.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant, John Henson, was indicted and tried for manslaughter for the killing of one Dan Hall, was convicted of manslaughter in the first degree, and sentenced to hard labor for the county for one year.

On the trial of the cause, the State introduced a witness, one John Taylor, who testified that he was present at a dance at the house of one Mollie Burns in Walker county, when John Henson, the defendant, shot and killed Dan Hall; that on the night of said dance there was a disturbance in the yard between the defendant and some one not known to the defendant about some whiskey; that Henson went into the house and said that some one, cursing him, had stolen his whiskey, and that thereupon Dan Hall, taking hold of him, asked him if he meant that he had stolen it, to which Henson replied

that he did not.   Thereupon Hall shoved Henson back, and said, "don't talk so big about it;" that Henson then shot, whereupon Hall took hold of a big country made chair and struck Henson with it, then Henson shot twice more, one of the last shots taking effect in the body of Hall producing his death.   On the cross-examination of this witness, he testified that he had gone to the place of the killing that night with Hall.   He was then asked this question : "Did not Dan Hall, the afternoon of the day he was killed, say to you while on the way to the dance, that he was going down there one more time to raise h—l   *   *   *   and fan out the crowd."   The State objected to this question, upon the ground that it was too general, and the threat was not communicated. The court sustained the objection, and the defendant duly excepted.

The evidence for the defendant tended to show that the killing was in self-defense ; that Hall struck the defendant with a heavy home made chair and had it drawn back to strike again when defendant fired upon him. The defendant introduced as a witness one Albert Fisher, who testified that he was present at the house of Mollie Burns at the time Hall was killed by the defendant, and after testifying as to the dispute between Hall and the defendant, he stated that Hall pushed Henson and struck him with his fist and picked up a chair and struck him, and witness "turned away and stepped outside ; that he was standing in the door ; that he did not see Henson shoot Hall, but heard the three shots of the pistol after Hall struck Henson, and after witness turned to step into the yard."   The solicitor asked this witness, on cross-examination, the following question : "Did you tell Americus Coker at the preliminary trial next day after the killing that you were not in the house, and did not see the shooting ?   And that you knew Henson was going to kill Hall, and you turned away to keep from seeing it ?"   The defendant objected to this question, because it called for incompetent and illegal evidence, and was an attempt to contradict the witness about an immaterial matter.   The court overruled the objection, and the defendant duly excepted.   The witness answered that "he did not remember whether he made that re-

mark to Mr. Coker; but he may have made it." In
rebuttal, the State introduced as a witness Americus Co-
ker, and the solicitor asked him the following question:
"Did Albert Fisher tell you at the preliminary trial that
he was not in the house, and did not see Henson shoot
Hall, and that he knew Henson was going to kill Hall
and he turned away to keep from seeing it?" The de-
fendant objected to this question on the ground that it
called for immaterial, illegal and incompetent evidence,
and was an attempt to contradict the witness, Fisher, on
an immaterial question, and that Fisher did not deny it.
The court overruled the objection, allowed the question
to be asked and answered, and to this ruling the defend-
ant duly excepted.

In the court's oral charge to the jury, he instructed
them, among other things, as follows: "If you find
the defendant guilty of manslaughter in the first degree,
you may fix his punishment at hard labor for the county
for a period of not less than one nor more than two
years." To the giving of this charge the defendant
separately excepted, and also separately excepted to the
court's refusal to give each of the following charges re-
quested by him: (1.) "If the jury believe the evidence,
they will find the defendant not guilty." (2.) "If the
jury believe from the evidence that the defendant in good
faith abandoned the difficulty in the yard and was free
from fault in bringing on the difficulty in the house, the
defendant may invoke the law of self-defense."

The verdict of the jury was as follows: "We the jury
find the defendant guilty of manslaughter in the first
degree, and fix his punishment at hard labor for the
county of Walker for one year." Upon the return of
this verdict, the court rendered judgment of conviction
and sentenced the defendant to perform hard labor for
the county for a period of 12 months.

COLEMAN & BANKHEAD and NORVELL & SMITH, for ap-
pellants.—The court erred in sustaining the objection
to the question asked Albert Fisher. This threat, if
made, tended to throw light on the question of who was
at fault in provoking the difficulty. The court erred in
allowing the witness, Americus Coker, to testify that
Fisher told him he was not in the house and did not see

Henson shoot Hall, that he was in the door and turned away, &c. This was error because it was an attempt to contradict the witness on an immaterial point.—*Brown v. State*, 79 Ala. 61.

The second charge requested by the defendant should have been given.—*Leonard v. State*, 66 Ala. 461; *Henson v. State*, 112 Ala. 41.

WILLIAM C. FITTS, Attorney-General, for the State. The testimony excluded about what was said to Dan Hall during the afternoon, was properly excluded. It was no part of the *res gestae*, and was remote and abstract and had no tendency to shed light on this issue.—*Henry v. The State*, 79 Ala. 42.

The part of the oral charge objected to while it did misstate the punishment as to manslaughter in the first degree, was affirmatively beneficial to the defendant. *Marks v. State*, 87 Ala. 99.

The second charge requested by the defendant was properly refused.—*Bell v. State*, 115 Ala. 25; *Cleveland v. State*, 86 Ala. 1.

SHARPE, J.—The threat on the part of the deceased, which was sought to be shown by the witness Taylor, if it can be classed as a threat, was not shown to have reference to the defendant; and, therefore, it did not imply any purpose to injure him. A mere general threat or one not directed to any special person is not in such case admissible as evidence to show an intent to harm a particular individual.—*King v. State*, 89 Ala. 146; *Redd v. State*, 68 Ala. 492.

The witness Fisher testified in behalf of defendant, "that he was present when Dan Hall was killed." He also testified to the particular acts of aggression on the part of deceased immediately before the shooting, when he said he "turned away and went outside;" also that he was "standing in the door," and that he "did not see Henson shoot Hall, but heard the three shots of the pistol after Hall struck Henson, and after witness turned to step into the yard." It was thereafter competent for the State to show that the witness was without knowledge of the matters to which he so testified; and to that

end to show that he had made the statement as to his being out of the house at the time of the shooting. The statement involving a material fact, it was one upon which the witness could be contradicted after the predicate laid. The latter part of the statement, wherein the witness said he "turned away to keep from seeing Henson kill Hall, that he knew he was going to do it," was a part of a connected statement as to the witness being out of the house, and his reason for being out ; and was, therefore, competent to be shown as a whole for the purpose of discrediting the witness. The liability of a witness to be so contradicted could not be avoided merely because the witness says he does not remember the statement about which he is so interrogated.—*Brown v. State,* 79 Ala. 61 ; *Payne v. State,* 60 Ala. 80.

The evidence as to whether Hall at the time he was shot was seriously menacing the defendant was in conflict. Some of defendant's evidence tended to show that Hall was pressing upon him and striking with a heavy chair ; but the witness Taylor, testifying for the State, in a part of his testimony said : "Henson shot first before Hall took hold of the chair." In view of that testimony and upon the whole evidence, it was open for the jury to find that defendant when he fired the pistol was in no peril, real or apparent, of serious injury from any attack by Hall. In the absence of a necessity to defend, the principle of self-defense is without application and can not properly be invoked. The charge requested by the defendant assumes that it could be invoked if only the defendant be without fault in bringing on the difficulty, thereby ignoring the State's evidence as to the absence of necessity for the killing. Therefore, if for no other reason, the charge was defective and calculated to mislead the jury in that it failed to hypothesize the necessity, real or apparent, for shooting Hall in order for defendant himself to escape present impending danger of grievous bodily harm. Such necessity, as well as the freedom from fault hypothesized, must have existed to properly entitle the defendant to invoke the law of self-defense.—*Bain v. State,* 70 Ala. 4 ; *Evans v. State,* 109 Ala. 11 ; *Miller v. State,* 107 Ala. 40 ; *Roden v. State,* 97 Ala. 54 ; *Storey v. State,* 71 Ala. 337. A charge having a

[Henson v. The State.]

similar fault though not identical with this was held bad on a former appeal in this case.—*Henson v. State*, 114 Ala. 25.

The portion of the oral charge excepted to stated the law incorrectly as to the punishment for manslaughter in the first degree. The period of punishment is fixed by section 4862 of the Code at not less than one nor more than ten years, according to the jury's discretion. That section is modified by the later enactment found in section 5412, so that where the jury fix the period of punishment at more than one and not less than two years the place and manner of punishment whether by imprisonment in the penitentiary or in the county jail or by hard labor for the county is left to the discretion of the presiding judge ; and if the jury fix the period at one year, the sentence must be either to the county jail or to hard labor for the county in the discretion of the judge. The charge of the court in stating the maximum period of punishment at two instead of ten years was only too favorable to the defendant, and, therefore, will not work a reversal of the judgment.—Code, § 4333. Independent of this recent statute errors which were beneficial to the defendant were not available to reverse.—*Marks v. State*, 87 Ala. 99, and cases there cited.

That the jury was allowed to express in the verdict the place as well as the period of punishment was likewise without injury. Such expression was only surplusage, and could not interfere with the discretion of the judge in designating such place.—*Evans v. State*, 109 Ala. 11 ; *Zaner v. State*, 90 Ala. 651.

No reversible error appearing in the record, the judgment of the circuit court must be affirmed.

Affirmed.