# Harbour *v.* The State.

## Indictment for Murder.

1. *Homicide; when threats by deceased inadmissible.*—On a trial under an indictment for murder or manslaughter, a general, indefinite threat made by the deceased two days before the killing, not mentioning the defendant, and not shown to have any reference to him,—such as "If I find out certain things have transpired, I will stamp the life out of somebody,"—is not admissible as evidence for the defendant.

2. *Homicide; charge as to fighting willingly.*—On a trial under an indictment for murder, a charge which instructs the jury that "when the law says one must not fight willingly, it does not mean that he shall not fight willingly or intentionally for his protection; it means that he shall not fight willingly or intentionally to gratify his own desire to fight," asserts an erroneous proposition, and is properly refused.

3. *Same; same.*—In such a case a charge is properly refused which instructs the jury "that the law which says that a man must not fight in a difficulty willingly, does not mean that he can not fight willingly when he fights in self-defense;" such charge having a tendency to mislead the jury.

4. *Charge of court to jury; objection to evidence introduced cannot be raised thereby.*—Where illegal or irrelevant evidence is offered in the trial of a case, objection thereto should be made at the time of such offer, and if overruled, an exception should then be reserved, in order to present the question on appeal; and when such objection is not made and exception reserved, the question as to the introduction of the illegal or irrelevant evidence cannot be raised by charges to the jury, instructing them not to consider such illegal or irrelevant evidence.

5. *Homicide; admissibility of evidence; res gestae.*—On a trial under an indictment for murder, it is competent for the witness to testify to exclamations made by the daughter of the defendant immediately preceding the fatal blow; it being shown that such exclamations were made pending the difficulty bebetween the defendant and the deceased. Such exclamations constitute a part of the *res gestae* of the difficulty.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. J. A. BILBRO.

The appellant in this case, Wright Harbour, was indicted for the murder of one Nick Petty by shooting him with a gun or pistol. On the first trial of the defendant under such indictment, he was convicted of manslaughter in the first degree. This judgment of conviction was set aside, and a new trial was granted to the defendant.

On the second trial, from a judgment in which the present appeal is prosecuted, the defendant introduced his plea of former acquittal as to murder in either degree. The truth of this plea was confessed by the solicitor for the State. An issue was joined upon the defendant's plea of not guilty of manslaughter in the first degree, as charged in the indictment. On the trial under this issue, the State introduced evidence showing that in De-Kalb county, prior to the finding of the indictment in this case, the defendant shot and killed Nick Petty with a pistol. The evidence introduced by the defendant tended to show at the time he shot the deceased, the latter was approaching him with a drawn' knife, with which he had tried to cut him, and that as he continued to come towards him, the defendant fired upon the deceased and killed him.

The facts relating to the exceptions reserved to the rulings of the trial court upon the evidence, which are reviewed in the present appeal, are sufficiently shown in the opinion. The defendant, as a witness in his own behalf, after testifying to the circumstances of the killing, testified that when he went to the house of his daughter, the wife of one Wallace Reid, he carried a pistol concealed about his person. There was no objection interposed to this testimony of the defendant at the time it was given; and the defendant further testified the reason he carried the pistol was that his life had been threatened. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently set forth in the opinion.

The defendant requested the court, among others, to give to the jury the following written charges, and separately excepted to the court's refusal to give each of said charges as asked: (2.) "When the law says that one must not fight willingly, it does not mean that he shall not fight willingly or intentionally for his protection; it means that he shall not fight willingly or intentionally to gratify his own desire to fight." (3.) "The court charges the jury that whether or not Harbour had a pistol concealed about his person at the time of the difficulty between him and Petty, is no evidence that Harbour killed Petty unlawfully." (4.) "The court charges the jury that the law which says that a man must not fight in a difficulty willingly, does not mean that he cannot fight willingly when he fights in self-defense."

The defendant was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for six years. From this judgment of conviction the present appeal is prosecuted.

DAVIS & HARALSON, DORTCH & MARTIN and GOODHUE & BLACKWOOD, for appellant.—The defendant should have been allowed to introduce the statement made by the deceased two days prior to the fatal difficulty. Such statement was in the nature of a threat.—*Ford v. State*, 71 Ala. 396; *Jones v. State*, 76 Ala. 15; *Jordan*

v. *State*, 79 Ala. 12; *Anderson v. State*, 79 Ala. 5; *Harrison v. State*, 79 Ala. 29.

The court erred in refusing to give the second and fourth charges requested by the defendant.—*Hornsby v. State*, 94 Ala. 65; *Domingus v. State*, 94 Ala. 9; *Karr v. State*, 106 Ala. 1.

MASSEY WILSON, Attorney-General, for the State. The threat on the part of the deceased which was sought to be shown by the witness Appleton, if it can be classed as a threat, was not shown to have reference to defendant; and, therefore, it did not imply any purpose to injure him. "A mere general threat, or one not directed to any special person, is not in such case admissible as evidence to show an intent to harm a particular individual.—*Henson v. State*, 120 Ala. 316, 320; *King v. State*, 89 Ala. 146, 149.

The law does not recognize the *right* of any man to fight, except under certain conditions, and he is required to be free from fault in bringing on the difficulty, and if free from fault, there must be imminent danger to life or limb, and there must be no reasonable mode of escape without increasing his own peril. When these conditions exist, and not until, has he the right to fight and kill his adversary. The charge was incorrect and misleading.—*Mitchell v. State*, 129 Ala. 23, 40.

This charge is subject to the vice of singling out and making unduly prominent certain parts of the evidence. *Goldsmith v. State*, 105 Ala. 8.

DOWDELL, J.—The defendant offered to prove by one Appleton, a witness sworn in his behalf, that two days before the killing, witness had a conversation with deceased "about school matters, also about some other matters," and the deceased said: "If I find out certain things have transpired, I will stamp the life out of somebody." An objection by the State was sustained to this evidence. It was not shown, nor attempted to be shown, that the defendant was in any wise connected with the "school matters," nor that any reference was made to the defendant in the "some other matters" talked about.

No particular person was designated, and the threat was conditioned and general. There is nothing in the record affording any inference that the threat had any reference whatever to the defendant. The difficulty that occurred two days after the threat, and the circumstances under which it occurred, fail to suggest any connection of the defendant with the threat. The threat being in its nature general, as evidence, it falls within the rule of exclusion laid down in *King v. State*, 89 Ala. 146, and *Henson v. State*, 120 Ala. 316. Besides, there was no pretense that the deceased ever found that "certain things had transpired," and upon which the threat was conditionally based. We are of the opinion that the objection to this evidence was properly sustained.

The next insistence in argument by counsel for appellant of error in the ruling of the trial court, is the refusal of written charges, two and four, requested by the defendants. It is urged that these charges assert the law as laid down by this court in *Hornsby v. State*, 94 Ala. 65, and *Domingus v. State*, 94 Ala. 9, and reiterated in *Karr v. State*, 106 Ala. 1. The principle referred to in these cases, is stated in *Hornsby's case, supra*, as follows: "There may be a formed design to take life by one acting entirely in self-defense. If a party is without fault in provoking a difficulty, if there is no reasonable way open to him to retreat and escape, and if the assault upon him is of such a character as to endanger his life, or such as to impress a reasonable man that, to save his own life it is necessary to strike, he may strike in self-defense, and with the formed design to take life, and if death to his assailant ensues, under such circumstances, it will be excusable homicide." There is no trouble with the doctrine here announced; but the difficulty lies in applying this doctrine to charge two as requested. That charge falls short of asserting what is contained in the principle stated. While it is true, that the law, when it says one must not fight "willingly," means that one must not fight "willingly" to "*gratify his own desire to fight*," it means more than this; it means that he must not fight at all, whether it be to gratify a propensity to fight or not, unless he is free from

fault in bringing on the difficulty, and has no reasonable way open for retreat without increasing his peril, and the assault upon him is of such a character as to endanger his life, or such as to impress a reasonable man that to save his own life or himself from great bodily harm, it is necessary to strike. For the reason stated the charge was bad, and the court properly refused to give it. The fourth charge is similar to the second, though it does not proceed to the extent of the latter in undertaking to define what the law means, when it says one must not fight "willingly." This charge, however, is not free from a tendency to mislead the jury. If it does not assume that the defendant fought in self-defense, it is nevertheless faulty in leaving the jury to say what constitutes self-defense, and for this reason was properly refused.

The defendant was on trial for manslaughter in the first degree. The indictment charged murder, but he had on a former trial been convicted of manslaughter in the first degree, and, therefore, acquitted of the charge of murder, and on this trial to all intents and purposes the indictment charged manslaughter in the first degree, and no greater offense. It was the same in effect as if the indictment had in terms charged manslaughter in the first degree. In *Henson v. State,* 114 Ala. 28, where the defendant was on trial for manslaughter, it was ruled that it was not permissible, against the objection of the defendant, to prove that the defendant had the pistol with which he did the killing concealed about his person.

In that case the question arose on objection to the introduction of evidence, here the evidence went in without objection, and the question is sought to be raised by instructions to the jury in written charges requested by the defedant. In the first place charges of like character to this one have been not unfrequently criticised and condemned by this court as being argumentative.—*Stone v. State,* 105 Ala. 603; *Fontain v. State,* 98 Ala. 40; *Brassell v. State,* 91 Ala. 45; *Waxelbourn & Son v. Bell,* 91 Ala. 331.

Besides all this, it is not the proper practice to meet the introduction of illegal or irrelevant evidence by instructions to the jury. Objection should be made and exception taken to the ruling of the court when the evidence is offered. In Thompson on Trials, Vol. 1, § 700, it is said: "Objections to evidence cannot, as a general rule, be made by a motion to instruct the jury to disregard the particular evidence." This, it may be said, has become the well understood rule in this State. It does not clearly appear whether the evidence here was elicited in response to a question, or was stated in a narrative way, but in either event, objection to it should have been seasonably made, and exception taken to the ruling of the court in order to be availing on appeal.

There is one other question raised by the record that is insisted on by counsel for appellant, and that is the admission of the testimony of the witness Wallace Reid against the objection of the defendant. This witness testified that when he proceeded down the road after his runaway team he heard his wife, who was the daughter of the defendant, screaming, and heard her exclaim, "don't papa, don't do that." At this time he saw the defendant and another man, who afterwards turned out to be the deceased, in witness' yard, which he had just left, and heard two pistol shots, the smoke of the pistol rising and going from the defendant. The objection now insisted on, went to the exclamation testified to—"don't papa, don't do that." This exclamation was contemporaneous with the main transaction, and under the evidence in the case, we think clearly a part of the *res gestae.* It is not the case of an independent expression of opinion of a disinterested bystander going solely to the motive of the defendant for the act done, as is urged in argument by counsel. It was contemporaneous with the difficulty that resulted in the killing, and in a measure illustrative of its character. That the words spoken were such as to afford an inference to be drawn by the jury that in the opinion of the speaker it was not necessary for the defendant to shoot, would not affect the admissibility when otherwise competent as forming a part of the *res gestae.* We think this evidence was properly admitted.

There are other exceptions reserved, but not insisted on; we have, however, examined them, and find they are without merit. We find no error in the record, and the judgment must be affirmed.

Affirmed.

