192 So. 425

**WADE v. STATE.**

**4 Div. 526.**

Court of Appeals of Alabama.
Nov. 28, 1939.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Earnest, alias Ernest, Wade was convicted of manslaughter in the first degree, and he appeals.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the Fall term 1938 of the circuit court of Russell County the grand jury found and returned into open court an indictment against this appellant charging him with the offense of murder in the first degree; specifically, that he unlawfully and with malice aforethought killed Gertrude Williams by shooting her with a gun or pistol, etc.

On May 22, 1939, the defendant was arraigned upon said indictment and interposed his plea of not guilty. Whereupon, the court duly and properly made and entered all necessary orders as to setting a day for the trial of the case and drawing a venire to try the case. As to all this no question is raised.

The pertinent portion, here, of the judgment entry as shown by the record is as follows:

"May 30, 1939, this cause coming on to be heard on this date, comes the State of Alabama by its Solicitor and comes also the defendant, Earnest Wade, alias Ernest Wade, in his own proper person and at-tended by his Counsel, and said Defendant being duly arraigned upon the indictment in this cause, for his plea thereto, says that he is not guilty. Issue being joined, thereupon comes a jury of twelve good and lawful men, to-wit: W. L. Wellborn and eleven others, who, having heard all the evidence offered upon the trial of this case, both for the State and the Defendant, arguments by Counsel and the charge of the Court, do, on their oaths say, 'We, the jury, find the defendant guilty of First Degree Manslaughter and fix his sentence at one year.'

"(Signed)  W. L. Wellborn, Foreman."

Thereafter, follows that portion of the judgment sentencing the prisoner. It reads as follows:

"And now upon this, the 30th day of May, 1939, Earnest Wade, alias Ernest Wade, the Defendant being now in open Court and it appearing to the Court that said Defendant was duly convicted of said offense of Manslaughter in the First Degree, and said Defendant being asked by the Court if he had anything to say why the sentence of the Court should not be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment and sentence of the Court, that the said defendant be imprisoned in the Penitentiary of the State of Alabama for a fixed period of one year."

In sentencing the defendant to imprisonment in the penitentiary for the fixed period of one year the court fell into error.

As appears above, the jury acted within its province by finding the defendant guilty of the offense of manslaughter in the first degree under an indictment which charged him with the offense of murder in the first degree. Section 8697, Code 1923. In every prosecution for unlawful homicide the duty devolves upon the jury, in cases of conviction, to decide and determine, in fact it is the sole province of the jury, not only the degree of homicide, but also the punishment to be inflicted. It is not the province of the jury in a case of this character to designate by its verdict the place of confinement, as the Statute (Section 5265, Code 1923) specifically provides the manner and place of punishment. Said Statute is as follows:

" * * * And in all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary;

and in all cases of conviction for felonies, in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion, any other section of this Code to the contrary notwithstanding; and, in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county."

In this case, it is highly probable that the learned trial judge in sentencing the prisoner to imprisonment in the penitentiary for the fixed period of one year, acted under the provisions of Section 4462, Code 1923; for that Section so provides. However, by innumerable decisions of the appellate courts of this State, it has been held that Section 5265 of the Code 1923 takes precedence over Section 4462, and that where the punishment is fixed at imprisonment for one year, there is no alternative but to sentence the prisoner to the county jail, or to hard labor for the county. Hicks v. State, 21 Ala.App. 335, 108 So. 612; Steele v. State, 61 Ala. 213; Herrington v. State, 87 Ala. 1, 5 So. 831; Zaner v. State, 90 Ala. 651, 8 So. 698; Ex parte Simmons, 62 Ala. 416, 417; Ex parte Goucher, 103 Ala. 305, 15 So. 601; Ex parte Brown, 102 Ala. 179, 15 So. 602; Robinson v. State, 6 Ala.App. 13, 60 So. 558; Phillips v. State, 11 Ala.App. 15, 65 So. 444; Henson v. State, 120 Ala. 316, 25 So. 23; Henderson v. State, 98 Ala. 35, 13 So. 146; Gunter v. State, 83 Ala. 96, 3 So. 600; Flanagan v. State, 46 Ala. 703, 706.

The appeal in this case is upon the record proper without a bill of exceptions. As required, we have examined this record and find that the proceedings in the lower court were regular, except as hereinabove stated. The error noted, however, in no manner affects the judgment of conviction so far as the adjudication of guilt is concerned, and to that extent the judgment is affirmed. The cause must be remanded to the lower court for proper sentence in line with this opinion.

For the guidance of the Clerks of the lower courts, or the persons whose duty it is to prepare transcripts on appeal to the appellate courts, where there is no bill of exceptions, we think it proper to state, it is not necessary to incorporate in the transcript (1) the oral charge of the court, (2) the given and refused special written charges, (3) orders of continuances of the cause by the lower court, and (4) motions for new trial and the orders and ruling of the court on such motions. None of the questions are to be reviewed, in the absence of a bill of exceptions. In this transcript and in numerous others, the above mentioned matters are transcribed in the record on appeal, thus entailing much unnecessary labor and expense incident thereto, and, as stated, to serve no purpose whatever.

The judgment of conviction of this appellant is, as stated, affirmed. The cause is remanded to the lower court for proper sentence.

Affirmed in part, and remanded.