21 So.2d 621

### WILKERSON v. STATE.

3 Div. 870.

Court of Appeals of Alabama.

Feb. 13, 1945.

Application for Rehearing Stricken
March 27, 1945.

R. L. Farnell, of Montgomery, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant—very much over 16 years of age—was convicted of the offense of violating the terms of Code 1940, Title 14, §

399, which, pertinently, are: "Any person who has carnal knowledge of any girl over twelve and under sixteen years of age * * * shall, on conviction, be punished *at the discretion of the jury,* by imprisonment in the penitentiary for not less then two nor more than ten years * * *." (Italics supplied by us.)

The case as made by the testimony is rather interesting—appellant stoutly contends, bizarre, unnatural and improbable—but in the view we take, a discussion is out of place, here.

We have emphasized—though unnecessarily—the fact that the statute—quoted—denouncing the crime, specifically provides that one convicted of committing same should be punished, within the prescribed limits, *"at the discretion of the jury."*

Here, that was not done.

In the record sent up here there appears an "agreement," denominated "Agreement of Counsel", in which it is recited: "That after the trial of this case, and when the jury had retired, it was agreed by the attorney for the defendant and the court, that the bailiff might receive their verdict, and if not in proper form that the court would have the same put in proper form on the coming in of the jury.

"After the jury had brought in its verdict, and it was found not to be in proper form, the court proposed to bring the jury back into the jury box, and the attorney for the defendant said that would not be necessary, and agreed that said verdict might be put in proper form in conformity with said agreement.

"The verdict brought in by the jury is as follows:

" 'We, the jury, find the defendant guilty as charged, and recommend the minimum penalty.'

"Under agreement with counsel, the court made the verdict read: 'We, the jury, find the defendant guilty as charged, and fix as punishment two years imprisonment in the penitentiary.' "

The "agreement," above, seems somewhat irregular,—perhaps imperfect,—and it appears to have been "filed" a considerable time subsequent to the date of the trial. But it is in all things *admitted,* as written, by counsel here representing the State; so we see no reason for our questioning it, or its recitals.

And, according to said recitals, the judgment here reviewed cannot stand.

The Attorney General's brief filed with us states: "The toughest proposition with which we are forced to deal in this case is the alleged error of the court in rewriting the verdict of the jury. The jury was fully instructed with regard to the proper forms of verdicts authorized, but notwithstanding these explicit instructions the jury wrote a verdict finding the defendant guilty as charged in the indictment but they did not go far enough to fix in the proper form the punishment. In Smith v. State, 23 Ala. App. 106, 121 So. 692, a conviction of the appellant for having carnal knowledge of a girl over 12 and under 16 years of age was reversed because the court fixed the punishment on the verdict of the jury which was as follows: 'We the jury find the defendant guilty, as charged in the indictment.' It was held that the jury alone is authorized to fix the punishment on conviction for the offense of carnal knowledge."

We might add, on our own account, here, that the court, having directed the jury to fix the punishment, should have refused to receive the verdict without a compliance with that direction, and his acceptance of the verdict under such circumstances was error. Bates v. State, 170 Ala. 26, 54 So. 432; Washington v. State, 125 Ala. 40, 28 So. 78. And see Tanner v. State, 23 Ala.App. 116, 121 So. 693; Smith v. State, 23 Ala.App. 72, 121 So. 692; and Ex parte Tanner, 219 Ala. 7, 121 So. 423.

It seems scarcely worth remarking that *making a verdict read:*

"We, the jury, find the defendant guilty as charged, *and fix as punishment two years imprisonment in the penitentiary"* is another and different and wholly unauthorized thing from "putting in proper form" the verdict of the jury reciting:

"We, the jury, find the defendant guilty as charged, and *recommend the minimum penalty"*—and which fixed, as appears, *no punishment whatever.*

Under the authorities hereinabove cited it was of course error to do so.

And for this error, the judgment is reversed, and the cause remanded.

Reversed and remanded.

## On Rehearing.

PER CURIAM.

The appellant having filed his brief as required on the original submission, and

the State not having filed brief within fifteen days from such submission, the application for rehearing is stricken on appellant's motion. Hill v. State, 24 Ala.App. 239, 133 So. 741; Roper v. State, 27 Ala. App. 78, 165 So. 870; Ex parte Shirey, 206 Ala. 167, 90 So. 75.

Application stricken.