33 So.2d 376
### REAVES v. STATE.
#### 4 Div. 971.

Court of Appeals of Alabama.
Nov. 25, 1947.

Rehearing Denied Dec. 16, 1947.

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the second degree, the appellant was convicted of manslaughter in the first degree.

In keeping with the verdict of the jury, the trial judge sentenced the defendant to imprisonment in the State penitentiary for a period of twelve months.

Without dispute in the evidence the accused struck the deceased on the head with a hoe. From the effects of the wound death ensued the day following the affray.

The factual issues center around the inquiry of whether or not the appellant was acting in self defense, as he claimed. On this question the evidence was in conflict.

The record is brief, and there are comparatively few matters presented for our review.

In the main the burden of the brief of appellant's counsel is the insistence that we should charge error because of an occurrence, the account of which we copy from the record:

"Cross Examination by Mr. Borders:

"Q. How many men had you killed and made time for before you killed John Allen Jones?

"Counsel for the defendant objected to the above question, which objection was overruled by the court.

"By Mr. Brassell: And we move that a mistrial be declared, as the record, if he ever killed anybody is the best evidence.

"By Mr. Borders: He knows it too.

"By the Court: He has already answered. Let the record show he assigns no ground for his objection.

"By Mr. Borders:

"Q. Go ahead and tell me how many men you have made time for killing? A. I never killed—I haven't ever killed narry man. I was accused of one. I had to do it.

"Q. How many more? A. No more.

"By Mr. Brassell: Now, if your honor please—

"By Mr. Borders:

"Q. They never sent you off before? A. No, sir.

"By Mr. Borders: I withdraw it.

"By the Court: That goes out.

"By Mr. Brassell: I want to ask the court to instruct the jury—it is highly prejudicial to this defendant and we move that the record show that—

"By the Court: That I tell this jury—?

"By Mr. Brassell: That it was prejudicial.

"By the Court: Gentlemen, that testimony is not for the consideration of the jury—that with regard to his former conviction for some other offense, and it is not to be considered by you under any circumstance, and it is expressly excluded from your consideration."

Due to the absence of rulings by the court and exceptions by counsel, and the apparent omission of some of the procedure, we cannot intelligently and accurately make a review. In any event, it appears that the judge instructed the jury finally to disregard the testimony relating to the prior record of the accused.

What some other person, not in any way implicated in the affray, may have said at a place far removed from the scene of the crime and prior to the killing was not material. Therefore, what a person by the name of Lockett, Jr. may have said up the road, even if the deceased was present at the time, was properly disallowed.

Refused charge number 1 omits the requisite of freedom from fault and in other respects does not state the law accurately.

Requested refused charge number 2 is clearly faulty. It apparently is affirmative in effect, if we correctly interpret its meaning.

We would not be authorized to disturb the ruling of the trial court in his action in overruling the motion for a new trial on the stated ground that the verdict of the jury was contrary to the great weight of the evidence. If the evidence presented by the State is to be accepted as true, the appellant struck the deceased without just cause or legal excuse. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Peterson v. State, 32 Ala.App. 439, 27 So.2d 27.

As indicated above, the trial judge sentenced the appellant to the State penitentiary for a period of twelve months. This is out of harmony with the provision of Title 15, Sec. 325, Code 1940. To correct this error, it is not necessary for us to reverse the judgment of the court below. We must, however, remand the cause to the nisi prius court for proper sentence. Wade v. State, 29 Ala.App. 115, 192 So. 425.

It is ordered that the judgment of the primary court be affirmed and the cause remanded with instruction to the court below that the proper place of confinement for punishment be designated.

Affirmed.

Remanded for proper sentence.