101 So.2d 562

**Robert C. HANBY**

v.

**STATE of Alabama.**

I Div. 732.

Supreme Court of Alabama.

Dec. 12, 1957.

Rehearing Denied Jan. 23, 1958.

70

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the petition.

Tonsmeire & Hodnette, Mobile, opposed.

LAWSON, Justice.

Robert C. Hanby was convicted in the circuit court of Mobile County of first degree manslaughter. The judgment of conviction was reversed by the Court of Appeals. On petition of the State of Alabama, acting by and through its Attorney General, we issued certiorari to review the judgment and decision of the Court of Appeals.

The verdict of the jury reads: "We, the jury, find the defendant guilty of manslaughter in the first degree, and fix the term of punishment at not more than one year." The punishment for manslaughter in the first degree is prescribed by § 322, Title 14, Code 1940, which in pertinent part reads as follows: "Any person who is convicted of manslaughter in the first degree shall, at the discretion of the jury, be imprisoned in the penitentiary for not less than one nor more than ten years, * * *"

The sentence of the trial court was "* * * that the defendant be imprisoned in the penitentiary of the State of Alabama for the term of one year."

As shown by the opinion of the Court of Appeals, the Attorney General conceded that the sentence to the penitentiary was improper and apparently agreed that the cause should be reversed for proper sentence. Under the decisions of the appellate courts of this state a convicted defendant should be sentenced to the county jail or to hard labor for the county, not to the penitentiary, where punishment is fixed at imprisonment for one year. Wade v. State, 29 Ala.App. 115, 192 So. 425, and the many cases there cited; Brown v. State, 32 Ala.App. 433, 26 So.2d 629; § 325, Title 15, Code 1940, as amended. Where an improper sentence of the kind with which we are presently concerned is

given, the proper procedure is to remand for correct sentence. Wade v. State, supra. See Ex parte Robinson, 183 Ala. 30, 63 So. 177, wherein a contrary holding in Zaner v. State, 90 Ala. 651, 8 So. 698, was overruled. See also Hicks v. State, 214 Ala. 675, 108 So. 614; McIntosh v. State, 234 Ala. 16, 173 So. 619.

 As heretofore shown, the jury fixed the term of punishment "at *not more than one year*" (emphasis supplied). If the italicized words had not been included the verdict would have been clearly proper. However, the Court of Appeals held, in effect, that the inclusion of those words resulted in the jury prescribing an "indeterminate sentence which is not a legal punishment for manslaughter." We agree that the jury cannot prescribe an indeterminate sentence as punishment for manslaughter. The right which trial courts formerly had to fix indeterminate sentences was removed by Act No. 279, approved August 24, 1939, General Acts 1939, p. 438. But we do not agree that the verdict here under consideration should be considered as prescribing an indeterminate sentence. The jury found the defendant below, the respondent here, guilty of first degree manslaughter. The jury could not have legally fixed punishment at less than confinement for one year. It could have made the confinement as much as ten years. We think the common sense view is to regard the italicized words as being surplusage, since the jury could not fix the term of imprisonment at less than one year and they were so instructed by the trial court.

If this conclusion be contrary to the holding of the Court of Appeals in Wilkerson v. State, 32 Ala.App. 82, 21 So.2d 621, that case will not be followed. This court denied certiorari in the Wilkerson Case (246 Ala. 542, 21 So.2d 622, 623), but the merits of the case were not reviewed, since the Court of Appeals struck rather than overruled the application for rehearing. This court did say, however: "Upon the merits the State places much stress upon the case

of Lewis v. State, 51 Ala. 1, and a reading of that authority as applicable to the instant case discloses that a question is here presented worthy of most serious consideration." In Oxford v. State, 33 Ala. 416, this court said: "Verdicts are not construed strictly, as pleadings are. If the clear meaning of the jury can be collected from the finding, the court will mould the verdict into form, and make it serve."

We are of the opinion that the trial court was correct in ignoring the words in the verdict which we have italicized above and in sentencing the defendant to imprisonment for one year, but as pointed out above, the trial court erred in sentencing the defendant to the penitentiary.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.