JOHN J. HALKO, JR., Defendant Below, Appellant, v. STATE OF DELAWARE, Appellee.

(*October* 8, 1958.)

Southerland, C. J., Wolcott and Bramhall, J. J., sitting.

*E. N. Carpenter, II* (of the firm of Richards, Layton and Finger) for appellant.

*F. Alton Tybout,* Deputy Attorney-General, and *Joseph Donald Craven,* Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 20, 1958.

Bramhall, J.:

Defendant's appeal relates to the refusal of the trial judge in a trial before a judge and jury upon the charge of operating a motor vehicle while under the influence of intoxicating liquor to withdraw a juror and declare a mistrial by reason of a statement made by a police officer to the effect that defendant was drunk at the time of a prior accident.

Defendant was tried before a judge and jury upon the charge of operating a motor vehicle while under the influence of intoxicating liquor. At the trial, for the purpose of showing prejudice on the part of one of the police officers involved in the arrest, defendant and a witness called on his behalf testified as to a conversation between defendant and the officer, in which the officer is alleged to have threatened to "get" defendant. In rebuttal the State called another officer present, who denied hearing such a statement and who testified that defendant in his presence had said to the first officer that defendant was lucky in getting out of a prior accident alive, to which the first officer replied: "Yes, if you hadn't been drunk, you wouldn't have."

Defendant moved that this testimony be stricken, that a juror be withdrawn and a mistrial be declared on the ground that the testimony was prejudicial. The Attorney General concurred in defendant's objection that the testimony in question was improper and should be stricken. The trial judge immediately ordered the testimony stricken from the record and in-

structed the jury to disregard it entirely. He, however, declined to grant defendant's motion for a mistrial. Defendant was convicted. A motion for a new trial having been denied, defendant appeals to this Court.

This case presents a single question: Was the testimony of the police officer prejudicial to the extent that a fair and impartial trial was not awarded to defendant?

Defendant alleges that the testimony in question was clearly inadmissible because it tended to prove another crime not connected with the case being tried. He invokes the familiar rule that in a trial for one crime proof of other offenses is ordinarily inadmissible. He also contends that the testimony was highly prejudicial to defendant and that the error was not cured by the Court's instructions to the jury to disregard it.

The State denies that the testimony related to another crime or that it was in any manner prejudicial to defendant. The State further contends that although at the trial it had conceded this testimony to be inadmissible and had agreed that it be stricken from the record, it now states that the testimony was properly admissible as being in rebuttal of the testimony of defendant and a witness called on his behalf.

We do not in this opinion pass upon the question raised by the State as to whether or not the testimony was properly admissible as being in rebuttal of the testimony offered on behalf of the defendant, since at the trial it was assumed by both parties and by the Court that the testimony was inadmissible. In our view this case may be determined by the question as to whether or not, assuming the testimony to be inadmissible, it was prejudicial to defendant's right to a fair and impartial trial.

■ We do not agree, as defendant contends, that by reason of the testimony of the police officer defendant was prevented from receiving a fair and impartial trial. We find no language in this testimony from which, in our opinion, it can be · reasonably inferred that on some prior occasion defendant was guilty of operating an automobile on the public highway while

drunk, or even that, as also suggested by defendant, on that occasion defendant was guilty of the crime of drunkenness on the public highway or a public place, contrary to the provisions of 11 *Del. C.* 1953, Sections 471 and 611. As to the alleged inference of drunken driving on that occasion, in our opinion, any inferences which might be drawn from this testimony would be to the contrary. If we accept defendant's contention as correct, then we must believe that defendant, while driving on a public highway and becoming involved in an accident, of which the police had some knowledge, was "lucky" because on that occasion he was drunk. When we consider the effort which for the past several years has been made in this and other states to stop the operation of motor vehicles on our highways by those driving under the influence of intoxicating liquor, to say that under such circumstances defendant was lucky because he was drunk is fanciful. As to the charge of drunkenness alleged by defendant to be inferred in the language of the police officer, the fact that defendant may have been drunk on such an occasion does not, by itself, prove a violation of either or both of these sections, since it is provided in both sections that the drunkenness must occur on a public highway or in a public place. There is no evidence here to disclose that either was true.

But, if we assume that the testimony of the police officer was prejudicial to defendant, in our opinion, under the circumstances of this case, such action was cured by the action of the trial judge. When defendant objected to the testimony, the Deputy Attorney General promptly agreed that it was improper and should be stricken and the Court at once, in clear and emphatic language, instructed the jury to disregard it. The question of whether or not testimony of this character is prejudicial is a matter which to a considerable extent lies within the discretion of the trial judge and in large measure depends upon the circumstances of each case. *State v. Boyd,* 8 *Terry* 370, 91 *A.* 2d 471; *Kotteakos v. United States,* 328 *U. S.* 750, 66 *S. Ct.* 1239, 1248, 90 *L. Ed.* 1557. Generally, instructions such as were given here are considered as having cured any injury to de-

fendant. *Dolan v. United States,* 8 *Cir.,* 218 *F.* 2d 454, certiorari denied 349 *U. S.* 923, 75 *S. Ct.* 665, 99 *L. Ed.* 1255; *Reaves v. State,* 33 *Ala. App.* 296, 33 *So.* 2d 376; *People v. Fleish,* 321 *Mich.* 443, 32 *N. W.* 2d 700; *State v. Butler, Ohio App.,* 94 *N. E.* 2d 457. See cases cited in Annotation in 8 *A. L. R.* 2d 1013.

The evidence of defendant's guilt was clear and convincing. It is not disputed that he was driving the automobile at the time of his arrest or that he was drinking. The testimony of the police officers who observed the manner of his operation of the automobile and the circumstances surrounding his arrest, defendant's disarray of clothing, his belligerent attitude towards the police officers, his slurred and garbled speech, all pointed conclusively to his guilt. Under such circumstances we are of the opinion, in view of the prompt action of the trial judge, with the concurrence of the Deputy Attorney General, that defendant's right to a fair and impartial trial has not been impaired.

The judgment will be affirmed.