274 So.2d 103

**Joseph B. GRAHAM**

v.

**STATE.**

**4 Div. 129.**

Court of Criminal Appeals of Alabama.

Dec. 5, 1972.

Rehearing Denied Jan. 23, 1973.

Tipler, Fuller, Melton & Barnes, Andalusia, for appellant.

William J. Baxley, Atty. Gen. and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Voluntary manslaughter: sentence, "imprisonment in the Penitentiary * * * for the term of one (1) year."

In Hanby v. State, 267 Ala. 69, 101 So.2d 562, we find:

"* * * Under the decisions of the appellate courts of this state a convicted de-

fendant should be sentenced to the county jail or to hard labor for the county, not to the penitentiary, where punishment is fixed at imprisonment for one year. Wade v. State, 29 Ala.App. 115, 192 So. 425, and the many cases there cited; Brown v. State, 32 Ala.App. 433, 26 So.2d 629; § 325, Title 15, Code 1940, as amended. Where an improper sentence of the kind with which we are presently concerned is given, the proper procedure is to remand for correct sentence. * * *"

We have considered the entire record under Code 1940, T. 15, § 389 and consider that the judgment of conviction is due to be affirmed, but the cause is due to be remanded for proper sentence. Code 1940, T. 15, § 325 is paramount to T. 14, § 322.

Affirmed; remanded for proper sentence.

All the Judges concur.