165 So. 870

### ROPER v. STATE.
### 5 Div. 969.

Court of Appeals of Alabama.

Jan. 14, 1936.

Rehearing Stricken Feb. 18, 1936.

Reynolds & Reynolds, of Clanton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The charge was made by affidavit signed by a deputy sheriff and, under a local law applicable to Chilton and Madison coun-

ties, the warrant was issued returnable to the circuit court.

The evidence for the state, which was positively denied by defendant and his witnesses, tended to prove that defendant was seen behind an icehouse in Clanton taking a drink of whisky from a pint bottle, after which he handed it to a friend there, who, on seeing the officer, threw the bottle away, which, on being recovered by the officer, was found to be about two-thirds full of white whisky. The defendant and his witnesses denied all this, and there were some contradictory statements by the state's witnesses tending to impeach their testimony. The punishment was fixed by the jury at a fine of $50, for which the defendant was sentenced to hard labor for 20 days and 66 days to pay the costs, and the court added an additional term of 3 months.

There were many objections to testimony, some of which might have constituted reversible error, if proper exceptions had been reserved, but, in the absence of such exceptions, they will not be considered.

The defendant requested the court in writing to give charges 3, 4, and 7. These charges assert correct propositions of law and should have been given. For the error in the refusal to give these charges as requested, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

PER CURIAM.

The appellant in this case having filed his brief as required on the original submission, and the state not having filed brief within fifteen days thereafter from such submission, the motion of the appellant that the application for rehearing be stricken must be granted. Supreme Court Rule 38 provides: "No application shall be received or filed which is not presented in strict compliance with this rule." The rule proceeds further: "No appellee can, as a matter of right, apply for a rehearing unless brief was filed with clerk upon the original hearing within fifteen days after submission of the cause, containing a certificate that a copy of same was served within said time upon counsel for appellant." This rule does not apply in criminal cases except when the appellant files a brief upon submission of the cause, which was done in this case.

The application for rehearing must be stricken. Hill v. State, 24 Ala.App. 239, 133 So. 741; Shirey v. State, 18 Ala.App. 109, 90 So. 72; Ex parte Shirey, 206 Ala. 167, 90 So. 75.

The application is stricken.