200 So. 794

## PAUL v. STATE.

### 4 Div. 622.

Court of Appeals of Alabama.
Jan. 14, 1941.

Rehearing Denied Feb. 18, 1941.

Mulkey & Mulkey, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

RICE, Judge.

To quote the Assistant Attorney General here representing the State: "The appellant was indicted by the Grand Jury of Covington County and charged with the offense of robbery. At or during his trial the court, at the request of the appellant, gave the affirmative charge as to the offense of robbery and let the appellant stand trial for grand larceny. He was convicted by a jury and given a sentence of ten years in the penitentiary. From this verdict and sentence of the court the appellant has brought this appeal to this court." (Of course, more accurately, it should be said that the appeal is from the judgment of conviction.)

The only questions apparent for our consideration arise out of the refusal of the trial court to give several written charges to the jury at appellant's request. It seems unnecessary to even refer to the evidence in the case.

Able counsel representing appellant have, we believe, in their brief, demonstrated beyond peradventure that each of the five written charges which the trial court refused at appellant's request to give to the jury asserted a correct, applicable principle of the law appertaining. And why, under such circumstances, the trial court would incur the risk of a reversal of the judgment of conviction by refusing such charges is a matter that we cannot easily understand.

But in this instance, at least, we approve his judgment. We have carefully studied each of the refused charges, in connection with the trial court's excellent and comprehensive oral charge. And have reached the conclusion that the applicable substance of each of said charges was covered by and included in the said oral charge of the court.

As an instance—none of said refused charges is greatly dissimilar to the others of same—written, requested and refused charge 8 was in this language: "The jury are instructed that, if you find from all the evidence in the case that there is a probability of defendant's innocence, you should acquit him."

Now the jury were instructed, orally, in one place, as follows: "If, after a consideration of all the evidence in the case, you are not satisfied beyond a reasonable doubt that he is guilty of grand larceny it is your duty to acquit him."

To us, it seems inescapable that the substance (legal essence is perhaps better) of written refused charge 8 is covered by and included in the quoted excerpt from the trial court's oral charge. Surely it would not be possible for the jury to be "satisfied beyond a reasonable doubt that he is (was) guilty" if indeed "there is (was) a probability of defendant's innocence." Or so it seems to us, and we hold.

And since the adoption of Code 1923, § 9509 "the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury, in the court's general charge or in charges given at the request of parties." Hurston v. State 235 Ala. 213, 178 So. 223, 224.

The judgment is affirmed.

Affirmed.