25 So.2d 695

## WARREN v. STATE.

### 7 Div. 847.

Court of Appeals of Alabama.
Feb. 19, 1946.

Rehearing Denied March 19, 1946.

Rains & Rains, of Gadsden, for appellant.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted and convicted of forgery in the third degree. The trial court fixed his punishment at twelve months hard labor for the county. This action is authorized under the statutes. Title 14, Sec. 207 and Title 15, Sec. 328, Code 1940.

The basis for the alleged forgery is an instrument in writing as follows:

"Maggie Lee Stewart, Complainant, vs. Roy R. Stewart, Defendant. In the Circuit Court of DeKalb County, Alabama, in Equity

"Comes the defendant, Roy R. Stewart, and acknowledges the receipt of a copy of the bill filed in the above stated cause; and, for answer, denies all the material allegations of said bill. The defendant agrees that the testimony may be taken by complainant in this cause without any other or further notice to him, and that, after taking the testimony, she may submit this cause for final decree without further notice of the time of said submission to this defendant. This, the 27th day of October, 1943.

"Witness:          "Roy Stewart

"W. T. Warren        "Defendant"

■ The point is taken by demurrers to the indictment that the paper set out therein does not, upon its face, show capacity to injure or defraud so as to be the subject of forgery. The State relied upon the averments of the indictment without the inclusion of extrinsic facts to show the document's legal efficacy or capacity to defraud. The authorities hold that this latter procedure is necessary against demurrers, unless the instrument is such that it is made the object of forgery by common law, by statute, or it is apparent on its face that, if authentic, it is legally efficacious and has the power to defraud. Crow v. State, 236 Ala. 26, 183 So. 907; Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am.St.Rep. 37.

The last stated alternative is here posed for our consideration.

If genuine and properly executed, the legal effect and purpose of the alleged forged document are so well known to the legal profession that an explanation thereof would consume unnecessary space and time.

The undisputed evidence in the case discloses that Mrs. Roy Stewart, on October 27, 1943, filed an original bill for divorce, in which she charged cruelty against her husband. The paper in question bears a signing date of October 27, 1943, and filing date of October 30, 1943. On the last named date, the court signed a decree of divorce in the cause, and, on the last named date also, Mrs. Stewart and appellant were joined in matrimony. It appears that the defendant had secured a divorce from his wife a few months prior.

Mr. Roy Stewart is a blind man. He testified that Mrs. Stewart—later Mrs. Warren—continued to live with him in his home as his wife until January 15, 1944; that he was not in any way apprised of the divorce proceeding in which he was named the respondent; that he is not guilty' of the cruelty charges alleged in the complaint; that he did not with knowledge of the purport of his act sign the paper in question; that he did not even know that his wife had a divorce or that she had married the appellant until January 18, 1944, and this belated information was conveyed to him by one of his seven children.

If his statement is true, he was not only defrauded, but seriously so. If the State's testimony is to be accepted, when the paper—the subject of this prosecution —was filed in court, it opened the legal door for the chancellor, unaware as he was of its cunning trickery, to proceed to a final decree in the cause without further notice to the respondent. If the alleged treatment is true, there was the practice of fraud on the part of the defendant and his co-indictee, the effect of which was to bring malevolent deception and ensnarement upon an unfortunate afflicted person.

■ The paper on its face unquestionably shows capacity to injure or defraud, and the demurrers to the indictment were overruled without error. Crow v. State, supra; Murphy v. State, 118 Ala. 137, 23 So. 719; De Graffenried v. State, 28 Ala. App. 291, 182 So. 482; Everage v. State, 14 Ala.App. 106, 71 So. 983; Dudley et al v. State, 10 Ala.App. 130, 64 So. 534.

■ It may be observed that it is not necessary to sustain a conviction for forgery to show that the person whose name has been forged did in fact suffer injury. Benson v. State, 122 Ala. 100, 26 So. 119; Everage v. State, supra.

Mr. Stewart also testified that the appellant was a frequent visitor in the former's home. On the day it is claimed the alleged forgery was committed, Mrs. Stewart, in defendant's presence, importuned witness to sign his name on a piece of paper under the pretense that the defendant wanted to see how witness wrote his name, and, quoting from Mr. Stewart's testimony: "I never thought nothing about it, but she said, 'Roy, you are getting off the line;' I asked what difference it made and Taylor (appellant) said, 'It is all right, let him go ahead.'"

As indicated above, the blind man disclaimed any knowledge of the import or effect of his act or that he was in fact attesting his signature to a divorce proceeding paper.

The defendant, as a witness in his own behalf, admitted that he was present on

the occasion in question, but denied the facts just above related. He testified, on the contrary, that the paper was read over to Mr. Stewart and he signed it voluntarily and without coercion or trickery on the part of either witness or Mrs. Stewart. The latter, also as a witness, corroborated this claim.

■ The application of the rule relating to aiding and abetting immediately appears.

Under the statute, Title 14, Sec. 14, Code 1940, accessories are not included in misdemeanor cases. However, "when two or more parties conspire or combine to commit an unlawful act, each is criminally responsible for the acts of his associates committed in prosecution of the common design. In contemplation of law, the act of one is the act of all, each is responsible for acts of his confederates." Sales v. State, 31 Ala.App. 19, 12 So.2d 101. See also, Gratton v. State, 4 Ala.App. 172, 59 So. 183; Crawley v. State, 15 Ala.App. 327, 73 So. 222.

If the testimony of the State is to be accepted as revealing the truth of the matter, there is ample evidence upon which the jury could have based a finding that appellant was an active and interested participant in the commission of the offense.

■ The general affirmative charge was properly refused to appellant.

■ During the progress of the trial appellant interposed numerous objections to the admission of testimony. The adverse rulings by the trial court to these objections can be sustained for at least one of the following reasons: To show the interest of the witness; to shed light on the motive for the offense; liberal privilege of cross examination; relating to facts that were uncontroverted issues in the case; no harmful injury or prejudice to defendant. A detailed discussion of these many questions would extend this opinion to great length and add nothing to its authoritative value. No reference is made to any of these matters in brief of appellant's counsel.

■ The record does not inform us of the specific statement to which objections were interposed to parts of the solicitor's argument to the jury. We are unable, therefore, to intelligently review these complaints. Louisville & N. R. Co. v. Hurt, 101 Ala. 34, 13 So. 130; Jordan v. State, Ala.App., 24 So.2d 138; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334.

■ Applying the familiar rule we will not disturb the judgment of the primary court in his action in overruling the motion for new trial. The questions raised therein relate only to questions presented during the trial of the cause. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Smith v. State, 23 Ala.App. 488, 128 So. 358.

■ The judgment entry with reference to costs recited only, "the State of Alabama for the use of DeKalb County have and recover of the defendant all the costs of this prosecution for which let execution issue." This is not sufficient. When the defendant failed to confess judgment or pay the costs, he should have been sentenced by the court to perform hard labor for the county for such time, designated by the court, required to work out the costs at the rate of seventy-five cents per day. Title 15, Sec. 342, Code 1940.

■ This irregularity appearing, it becomes the duty of this court to remand the cause for proper sentence in conformity to the statute, supra. Mandell v. State, 21 Ala.App. 404, 108 So. 635; Barnes et al. v. State, 24 Ala.App. 238, 133 So. 746.

With the exception of the incompleteness of the judgment entry, the record, in our opinion, is free of prejudicial error. The judgment of the lower court is therefore ordered affirmed and the cause is remanded for proper sentence.

Affirmed and remanded for proper sentence.