61 So.2d 140

ROBINSON v. STATE.

5 Div. 372.

Court of Appeals of Alabama.

Oct. 28, 1952.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, 'for the State.

PRICE, Judge.

Appellant was adjudged guilty in the Chilton County Law and Equity Court under an affidavit charging him with the unlawful possession of prohibited liquors, in violation of Section 98 of Title 29, Code 1940. A fine of $50 and costs, and a sentence of 90 days' hard labor for the county was imposed.

On appeal to the circuit court a jury found defendant guilty and assessed a fine of $100. The court imposed a hard labor sentence of 180 days as additional punishment.

On the trial, C. J. Turner, the arresting officer, testified he searched defendant at the time of arrest and found almost a pint of home-made whiskey in the nail apron pocket of the carpenter's overalls worn by defendant. He further testified defendant was drinking. The jailer, Owens, testified defendant had the odor of whiskey on his breath and a bottle of whiskey was turned over to him by Turner.

In his own behalf, defendant testified he was wearing a shirt and pants and did not have on overalls. He had been to Birmingham with a load of corn and stopped by his sister's home about an hour before he was arrested. He insisted he was not drinking and had no whiskey. Defendant's sister testified he was at her home shortly before the arrest and had no whiskey and so far as she knew he was not drinking.

Clearly, under the evidence, defendant was not entitled to the affirmative charge.

Counsel complains in brief of the court's refusal to give requested charges A and D.

The refusal of a charge identical to charge A was held to be reversible error in Roper v. State, 27 Ala.App. 78, 165 So. 870.

But in Hurston v. State, 235 Ala. 213, 178 So. 223, the Supreme Court held it is not error to refuse charges of similar import where the court in its oral charge fully covers the law as to the burden and measure of proof. In this case the court, as to the burden of proof, instructed the jury:

"Now to that charge the defendant says that he is not guilty and denies the charge and when he enters his plea of not guilty it places the burden upon the State to prove him guilty from the evidence in the case beyond a reasonable doubt before you can convict the defendant. * * *

"The defendant comes into court presumed to be innocent. That is a rule of law that attaches to every defendant charged with any criminal offense. That presumption of innocence attends him throughout the trial and should be considered in his favor until or unless you are convinced beyond a reasonable doubt of the guilt of the defendant. Now that term, reasonable doubt, is about what it indicates it is. A reasonable doubt is not a possible or whimsical or imaginary doubt but it is an actual, real, substantial doubt which might arise in your minds out of the evidence in the case or for the lack of sufficiently convincing evidence. If such doubt arises it is immaterial as to whether or not it arises out of the evidence in the case or out of the lack of sufficiently convincing evidence. In either instance, the defendant would be entitled to that doubt and to an acquittal at your hands."

And further instructed the jury that the credibility of the witnesses and the weight of their testimony was for the jury.

606

■ These instructions of the court substantially and fairly covered the rules of law to which charge. A was directed, and said charge was refused without error. Hurston v. State, supra; Title 7, Section 273, Code 1940.

The refusal of charges similar in character to charge D has been held to be error in cases where the evidence for the State consisted of the testimony of a single witness. Segars v. State, 86 Ala. 59, 5 So. 558; Brown v. State, 20 Ala.App. 39, 100 So. 616; Kilgore v. State, 19 Ala.App. 181, 95 So. 906.

Defense counsel insists this charge should have been given because the police officer, Turner, was the only witness who testified to defendant's possession of prohibited liquors, and defendant's evidence was wholly exculpatory.

■ The jailer, Owens, also was a witness in the case. Therefore, the evidence for the State did not consist of the statement of a single witness, and there was no error in its refusal. Wilson v. State, 243 Ala. 1, 8 So.2d 422; Slayton v. State, 27 Ala.App. 422, 173 So. 632.

The judgment of the trial court is ordered affirmed.

Affirmed.