96 So.2d 206

Junior Ray PARSON

v.

STATE.

6 Div. 447.

Court of Appeals of Alabama.

June 11, 1957.

Bill Fite, Hamilton, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

This is an appeal from a judgment of conviction for a violation of Section 128, Title 36, Code 1940, which offense is commonly called "leaving the scene of an accident."

■ Appellant contends in brief that the trial court committed reversible error in overruling demurrer to the indictment. No ruling of the court is shown on the demurrer, and nothing is presented for our review in this connection. Whitaker v. State, 21 Ala.App. 114, 105 So. 433.

■ The evidence for the State tended to show that on May 31, 1955, Howell Blake was struck by an automobile in front of Blake's Hospital in Haleyville, Alabama. The car that struck Mr. Blake did not stop.

The testimony was to the effect that Mr. Blake was standing beside a parked car, talking to the driver of said car when he was struck. He did not see the car that hit him.

Mrs. Ethridge McCrary testified that she witnessed the accident and that defendant was the driver of the automobile.

Defendant testified that he was a passenger in a car that passed by the hospital on the afternoon in question. Frank Webb was driving the automobile; that as they traveled along the street where Mr. Blake was injured he felt something affect the car, but did not know of anyone having been struck and thought the car had only run over a bump in the road; that no one was struck by the car in which he was riding. Witness further stated that the operator of the automobile in which he was riding was intoxicated and had been intoxicated all the afternoon. He also testified that he did not know Mrs. McCrary, who claimed to be an eyewitness to the accident, and that he did not remember having seen her.

Under the evidence the court properly refused the general affirmative charge requested by defendant.

The court's action in denying the motion for a new trial was without error.

Refused charges 7 and 8 have been held to be correct statements of the law and their refusal reversible error. Wilson v. State, 243 Ala. 1, 8 So.2d 422.

■ We are of the opinion that the trial court's charge sufficiently covered the law as to burden of proof and charge 8 was properly refused.

■ Charge 7 should have been given, but we are unwilling to say that the court's refusal to give said charge, standing alone, would justify reversal in view of the instructions given by the court. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Refused charge 16 was considered by this court as charge AC in Walker v. State, 33 Ala.App. 614, 36 So.2d 117, 119.

The court said:

"The refusal of charge AC calls for special treatment. In the instant case both the State and the defendant presented a full disclosure of the facts incident to the main event. An irreconcilable conflict arose from this presentation. The factual issue centered solely around whether or not the accused acted in self defense. Neither the State nor the appellant was confronted with a 'lack of evidence' to sustain the respective position. The charge deserves the criticism of being contradictory of its own terms. We cannot see how a consideration of all the evidence could effectively include any facts not proven. Omitted proof does not constitute a part of the evidence. It is true that the absence of sufficient satisfying evidence may afford grounds for a reasonable doubt of defendant's guilt. The burden of proof cast on the State in criminal cases gives potency and effect to this doctrine.

"We are not unmindful of the fact that this court approved this identical charge in Stafford v. State [33 Ala.App. 163], 31 So.2d 146; whether correctly so or not we are not now called upon to decide. We are here confronted with factual issues that are not in any way comparable to those in the Stafford case.

"In the case at bar we hold that it was not reversible error to refuse the instruction."

The factual issue here was the identity of the driver of the automobile. The testimony as to this fact was conflicting, however, as in the Walker case, supra, there was "no lack of evidence" on this point. We are of the opinion the charge was properly refused.

Refused charges 13 and 14 were held good in Roper v. State, 27 Ala.App. 78, 165 So. 870, but the refusal of similar charges was held not to be reversible error in Hurston v. State, 235 Ala. 213, 178 So. 223; and Robinson v. State, 36 Ala.App. 604, 61 So.2d 140.

 Refused charge 15 was not hypothesized on belief from the evidence.

The judgment is affirmed.

Affirmed.