113 So.2d 517

**Howard EARNEST**

**v.**

**STATE.**

**6 Div. 705.**

Court of Appeals of Alabama.

June 23, 1959.

Rankin Fite, Bill Fite and Robt. Thomas, Hamilton, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Earnest appeals his conviction of false pretense in obtaining an agent's signature to a fire policy with intent to defraud. The trial judge sentenced him to five years' imprisonment.

The indictment, following the Code form (T. 15, § 259, No. 61), charged Earnest falsely pretended himself to be the owner of a tenant house near Hamilton.

The State's case was:

The house burned to the ground the night of June 14–15, 1957. The morning of June 15, Earnest applied orally to Lyman Goolsby, agent for Aetna Insurance Company, for fire, lightning and extended coverage on the then destroyed house in the amount of $2,000.

Using information given by Mr. Earnest, Mr. Goolsby filled in some of the blanks of an Aetna application form. This he sent to the State agent and received back typed up for his signature the policy with a term beginning at noon June 15, 1957, i. e., about twelve hours after the fire.

Some ten days later Earnest reported the loss orally, stating the fire happened June 22, 1957.

Two prosecution witnesses testified that, at or shortly after the fire, Earnest said he had no insurance.

The policy was nonassignable without the company's consent. It also required written proof of loss.

The court overruled defense demurrers to the indictment, forty-five in all.

Code 1940, T. 14, § 213, makes the obtaining of another's signature to certain written instruments by false pretense an offense punishable as though for forgery.

Is a fire insurance policy, if forged, the subject of second degree or third degree forgery? Second degree forgery is a felony; third degree is a misdemeanor. T. 14, § 207. In Dudley v. State, 10 Ala. App. 130, 64 So. 534, the application for a life insurance policy was held to be the subject of forgery in the third degree. Forgery of a divorce decree is third degree,

Murphy v. State, 118 Ala. 137, 23 So. 719; as is falsely obtaining a blind man's signature to a waiver and answer, Warren v. State, 32 Ala.App. 302, 25 So.2d 695.

■ Title 14, § 200, which defines second degree forgery, divides instruments into two groups: *First,* those "by which any right or interest in property is, or purports to be transferred, conveyed, or in any way changed or affected," being

(1) a will;

(2) a deed; ' ·

(3) a conveyance; or

(4) other instrument;

all or any being or purporting to be the act of another. *Second,* those "by which any pecuniary demand or obligation is or purports to be created, increased, discharged, or diminished," being

(1) a bond (not the subject of first-degree forgery);

(2) bill-single (not the subject of first-degree forgery);

(3) bill of exchange (not the subject of first-degree forgery);

(4) promissory note (not the subject of first-degree forgery);

(5) warehouse receipt;

(6) receipt for the payment of money;

(7) any instrument or writing;

all or any of (1)–(7) being or purporting to be the act of another; and

(8) any entry in any book account.[1]

■ The nonxistence of the property sought to be insured, at the beginning of the initial term of a policy of fire insurance, ordinarily makes a void agreement, since the peril insured against cannot harm non-existent property. Continental Ins. Co. v. Dotson, 260 Ala. 499, 70 So.2d 796; Union Marine & General Ins. Co. v. Holmes, 249 Ala. 294, 31 So.2d 303; Barry v. Aetna Ins. Co., 368 Pa. 183, 81 A.2d 551; Kline Bros. & Co. v. Royal Ins. Co., C.C., 192 F. 378; Alliance Ins. Co. v. Continental Gin Co., Tex.Com.App., 285 S.W. 257, modified as to interest, Tex.Com.App., 287 S.W. 244.

■ However, the fact that an instrument is void, unless its voidness shows on its face, does not preclude the application of the forgery statutes. Gooch v. State, 249 Ala. 477, 31 So.2d 776, 174 A.L.R. 1297 (check written on Sunday); Hall v. State, 31 Ala.App. 455, 18 So.2d 572 (bogus bail bond not signed by prisoner).

■ The instant policy had all the appearances of a binding contract. However, such a contract is personal and hence not assignable. Burnett & Martin v. Eufaula Home Ins. Co., 46 Ala. 11. The policy in the hands of a person such as a mortgagee could, at the most, create, as between the mortgagor and mortgagee, an equitable title to the policy. Montgomery v. Hart, 225 Ala. 471, 144 So. 101.

■ The possession of a fire policy undoubtedly is capable, in certain circumstances, of working injury and fraud. However, in construing whether or not forgery would have been of the second degree or third degree, if the law be not clear as to the degree, we apply the rule of strict construction in favor of the accused.

■ Therefore, the punishment should have been as for third-degree forgery; and, hence, the sentence here imposed was improper.

We have gone over the forty-five grounds of demurrer. They fall into ten rough groups: (a) 1 through 9 claim no crime

---

1. We consider the semicolon immediately before the book entry phrase (8) as not cutting (1)–(7) off from the influence of "by which any pecuniary demand * * *". Punctuation is of minor importance in statutory construction. Sutherland, 3d Ed., § 4939; Cook v. State, 110 Ala. 40, 20 So. 360.

shown; (b) 10, 11, 12, and 35 claim the matter charged is too vague; (c) 13 through 16, 19 through 23, 30, 39 and 40 claim no loss or legal injury was shown; (d) 17 and 18 attack the failure to allege delivery of the policy; (e) 24 and 25 claim no facts are shown to show that had Goolsby's signature been 'spurious, the signing of it would have been forgery; (f) 26 and 27 claim the obtainment of the policy is not shown; (g) 28 says the policy is not charged to have been secured by the fraud or misconduct of Earnest; (h) 8 attacks the failure to allege Earnest obtained the policy; (i) 31 through 34, 36, 37 and 45 go to the failure to set out the policy in full or substantially; and (j) 38 and 41 through 44 claim patent voidness of the policy.

The indictment comes from Form 61 of § 259, T. 15. Cases considering what is needed to properly fill in Form 61 are: Cheshire v. State, 8 Ala.App. 253, 62 So. 994, and Addington v. State, 16 Ala.App. 10, 74 So. 846. See also Gayden v. State, 262 Ala. 468, 80 So.2d 501; Hochman v. State, 265 Ala. 1, 91 So.2d 500; and Wideman v. State, 269 Ala. 49, 110 So.2d 298.

 We find the indictment sufficient as against the demurrers interposed.

The trial judge in his oral charge stated that the burden of proof was on the State to convince the jury from the evidence beyond a reasonable doubt of the defendant's guilt. No mention was made that the defendant is presumed innocent until the jury becomes convinced otherwise.

Before the jury retired, Earnest's counsel requested the following charge in writing:

1. "I charge you, Gentlemen, that the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."

There was a conflict in the evidence, Earnest having contended throughout that the fire happened June 22 rather than a week earlier.

 If the oral charge makes some mention of the underlying principle, the failure to give this instruction is harmless error. However, it seems clear even from the majority opinion of the Supreme Court in Gordon v. State, 268 Ala. 517, 110 So.2d 334, that the rejection here was reversible error.

 Like reasoning and its extension to the state of the evidence (which was of diametrically opposite tendencies) imply error in the refusal of charge 3 here, which is like charge 2 ably discussed in Hurston v. State, 235 Ala. 213, 178 So. 223. For cases pro and con, see Carr, P. J., in Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564.

 Charge 8, refused, should have been given. It read:

"The Court charges the jury that if you believe, from the evidence in this case, that the witness, Verlon Young, has willfully and corruptly sworn falsely as to any material fact in this case, you may, in your discretion, disregard his testimony entirely."

Verlon Young was one of the witnesses who testified that Earnest bemoaned the fact that his tenant house was uninsured.

Charge 8 is in § 7788, Jones, Ala.Jury Ins., which credits it to Wilson v. State, 243 Ala. 1, 8 So.2d 422 (charges 16 and 33), Jackson v. State, 38 Ala.App. 488, 89 So.2d 108. The limitation pointed out in Keith v. State, 253 Ala. 670, 46 So.2d 705, does not exist here.

 Charge 5 (charge 1, Wilson v. State, supra) is a correct legal statement, Suggs v. State, 36 Ala.App. 66, 54 So.2d 794.

 Charge 13 should have been given, Sanford v. State, 37 Ala.App. 603, 75

**350**

So.2d 109, Holtbrook v. State, 38 Ala.App. 77, 76 So.2d 349; the rule was not substantially covered in the general charge.

Since the oral charge did not cover the presumption of innocence, the refusal of charge 15 (charge 4, Roper v. State, 27 Ala.App. 78, 165 So. 870) was probably error. In Robinson v. State, 36 Ala.App. 604, 61 So.2d 140, charge A, which corresponds to charge 15 refused here, was refused without error because of the trial judge's instruction in his oral charge as to the presumption of innocence and burden of proof. Here, however, the oral charge was not as full as that set forth in the Robinson case.

Stafford v. State, 33 Ala.App. 163, 31 So.2d 146 (charge 11) sanctions charge 17 requested here. The oral charge omitted the substance of the lack of evidence; however, see Chastain v. State, 36 Ala. App. 186, 54 So.2d 623 (charge 18—assuming absence of evidence).

The Stafford case makes error of the refusal of charges 18 and 20.

Reversed and remanded.

