191 So.2d 258

David REED

v.

STATE.

3 Div. 208.

Court of Appeals of Alabama.

Oct. 11, 1966.

**420**

Elno A. Smith, Jr., Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted on May 12, 1966, on written argument.

Reed was indicted by the Grand Jury of Montgomery County for forging a check purportedly drawn on the Union Bank and Trust Company, payable to one Grover C. Carpenter in the amount of $94.46, and signed by "Thomason & Associates, Inc., Contractors by Larry P. Mitchell."

I.

Some unknown person broke into the office of the contracting firm of M. R. Thomason in Montgomery, Alabama, the night of January 14–15, 1965. In consequence thereof a number of payroll checks disappeared. The next afternoon Reed showed up in a grocery store on North Ripley Street in Montgomery and presented the check in question to the cashier. The cashier's testimony on this point follows:

"Well, I looked at the check and I told him—I asked him to let me go back and call the Bank. So when I saw the check and name on it and number, I said, 'This must be one that Detective King called me about.' When I said that he said, 'No, that's all right, I'll just get the check cashed at the Bank,' and he took the check and left."

On Reed's leaving, the cashier summoned one of the stock boys in the grocery store to follow Reed. Someone also summoned police officers.

Reed fled on foot, tore up the check, and while going on was hit by a stone or brick thrown by one of his pursuers. Mr. W. L. King, a detective of the Montgomery Police Department, caught him as he tried to get into a taxicab, claiming that he needed to go to a hospital.

Reed took the stand in his own behalf and attempted to explain that he had pick-

ed up the check in a poker game and was completely innocent of its infirmities.

On cross-examination of Reed, the State brought out prior convictions (burglary, grand larceny, and an interstate transportation of a check protector) which, of course, went to his credibility. Code 1940, T. 7, § 434.[1] The next section, 435,[2] expressly gives the question of conviction vel non of a morally turpitudinous public offense a relevancy aside from the general issue.

Reed put a handwriting expert on the stand. This witness was unable to form an opinion either that Reed had or had not written the endorsement on the check which he threw away. This testimony neither incriminated nor absolved Reed.

## II.

In brief Reed's counsel argues that the trial judge erred in refusing to give the following written charges:

"Defendant's Jury Charge No. 11—The Court charges the Jury, if the Jury upon considering all the testimony have a reasonable doubt about defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty.

"Defendant's Jury Charge No. 12—I charge you, Gentlemen of the Jury, that if you have a reasonable doubt of the defendant's guilt growing out of the evidence or any part of it, you must acquit him."

We do not think the refusal of these charges was erroneous because at the defendant's request the court gave the following:

"Defendant's Jury Charge No. 9—If, upon a consideration of all the evidence, the minds of the jury or any member of the jury is left in a state of reasonable doubt and uncertainty, by the evidence or any part of the evidence, of defendant's guilt, then you cannot convict the defendant."

A syntactical tabular analysis of the three charges 9, 11, and 12, results in the following break down:

| | Charge 9 | Charge 11 | Charge 12 |
|---|---|---|---|
| 1. | "consideration" | "considering" | (Not used) |
| 2. | "all of the evidence" | "all of the testimony" | (Not used) |
| 3. | "Minds of jury" (or any one of them) | "The Jury" | "You, Gentlemen of the Jury" |
| 4. | "is left in a State" | "have" | "have" |
| 5. | "of reasonable doubt and uncertainty" | "a reasonable doubt" | "a reasonable doubt" |
| 6. | "by the evidence or any part" thereof | "arising out of" | "growing out of" |
| 7. | "then you cannot convict" | "then they should find defendant not guilty" | "you must acquit him" |

1. "§ 434. No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility."

2. "§ 435. A witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence."

We believe that this tabular analysis demonstrates that given charge 9 covered every essential element in the two refused charges.

### III.

The other claim of error in failure to charge the jury properly comes from the refusal of charge 15:

"Defendant's Jury Charge No. 15—I charge you, Gentlemen of the Jury, that after considering all the evidence in the case if you have a reasonable doubt of the truthfulness of the evidence of the witnesses for the prosecution, you cannot convict the defendant."

Cited to support this contention are the cases of Roper v. State, 27 Ala.App. 78, 165 So. 870, and Earnest v. State, 40 Ala. App. 344, 113 So.2d 517.

The trial court in its general charge to the jury stated in part:

" * * * That you should observe the demeanor of each witness as that particular witness takes the stand, determine whether that witness is easy or uneasy on the stand, whether they are frank or evasive in their answers; whether they are willing, unwilling or too willing witnesses; what connection the witness has with the parties or facts that would tend to bias that particular witness' testimony; whether the witness says is reasonable or unreasonable. * * * A man is not supposed to hang up his common sense like he does a hat when he is on the jury. If any time common sense is needed it is when you are in the Jury Room, when you consider the testimony that comes from that stand, whether it is reasonable or unreasonable. If any witness testifies to a particular state of facts, what opportunity that witness had to observe that to which he or she testified. The law says that you cannot just capriciously disregard the testimony of the defendant, but you may regard his testimony in the light of the fact that he is the defendant and he is interested in the verdict."

We consider that this general direction as to considering the interest and truthfulness of all witnesses is a more balanced and preferable instruction than the one which was submitted by the defendant in his charge 15. There was no error in the refusal of charge 15 because of the use of the quoted portion of the oral charge.

Code 1940, T. 7, § 273, provides in part:

" * * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * * "

This section 273, fourth sentence, above quoted, is part of our doctrine of not ascribing reversal unless there has been an express or implied exception to a ruling in which the trial court substantially has prejudiced the defendant's right. See Code 1940, T. 15, § 389, and the later and somewhat similarly worded Supreme Court Rule 45.

In brief counsel for Reed makes the point that the concerted effect of the refusal of the three charges cumulates to error:

"Appellant will agree that the failure to give any one of the above charges may be harmless error. However, it is the contention of the Appellant that failure to give all three charges was manifest error and this cause should be reversed and remanded."

The trial judge cannot put a quantitative limitation on requested written charges.

Porter v. State, 234 Ala. 11, 174 So. 311. But this limitation relates to a mere numerical cut off point.

■ Qualitatively, if the trial court instructs the jury fully and adequately as to the burden of proof, the framed issues, the degree of conviction, the pertinent presumptions and rules of evidence, and the forms of verdict, there can only be reversible error as to points of law which are not covered therein. Also, any such point must be presented to the trial court in the form of a complete instruction on the point reduced to writing.

■ We have had no case called to our attention which would establish a rule of cumulative prejudice because more than one superfluous written charge—even though flawless as to law or rule of evidence—has been refused in the context of substantially correct delivered directions of law considered in their entirety, written or oral or both. Such a rule would elevate technicality above common sense and fairness to society.

### IV.

■ The blank check on which the false payee, amount, signature and endorsement appeared when Reed attempted to pass it was the fruit of a recent burglary. However, see Miller v. State, ante p. 287, 189 So.2d 576.

As to the sufficiency of the evidence, we consider that the State made out a prima facie case under the statute, and that the evidence was properly passed upon by the jury. We forego discussing the permissible inferences from the tendencies of the State's evidence as to this subsidiary but relevant point.

The judgment below is due to be

Affirmed.