Carmen Harris was convicted for the manslaughter of her fiance, Carl Page, and was sentenced to ten years' imprisonment. She was found not guilty of the assault of Lora Hagler. Four issues are raised on this appeal of that conviction.
 I
There is no merit to the appellant's contention that the verdict of the jury is contrary to the weight of the evidence. The State's evidence shows that sometime during the early morning hours of December 29, 1985, the appellant, armed with a .22-caliber pistol, went to the trailer of Lora Hagler where Page and Miss Hagler were sleeping. The appellant beat on the door and broke into the trailer. She went into the bedroom and told Page she wanted her car keys. Page gave the appellant her keys, pushed her out of the trailer, and shut the front door. The appellant re-entered the trailer, came into the bedroom, pulled the pistol and said to Page, "Scandalous, you're going home with me." The appellant shot Page and they "tussled." Another shot was fired and Miss Hagler took her two-year-old child and crawled under the bed. After two more shots were fired, the appellant knelt down and shot Miss Hagler in the leg. Then the appellant pulled the trigger but the pistol just "clicked." *Page 81 
Miss Hagler began "wrestling" and "tussling" with the appellant and hit her with a wooden stick. The appellant left and Miss Hagler called the police. Page was found dead in the bedroom, having been shot four times.
The appellant testified that she had gone to get her car keys from Page, that Page had attacked her in the trailer, and that she had shot him in self-defense.
Here, as in Jones v. State, 469 So.2d 713, 716 (Ala.Cr.App. 1985), the appellant's contentions "constitute nothing more than jury arguments as to credibility and do not concern the legal sufficiency of the evidence." A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30,50 So. 345, 346 (1909). "We are asked to hold that the evidence of the state is unreasonable and untrue and not sufficient to support a conviction. This, of course, we cannot do, as the credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine. This court cannot substitute itself for the jury." Byrd v. State,24 Ala. App. 451, 136 So. 431 (1931).
 "Neither the trial court, nor this court on review, can usurp the province of the jury in weighing the evidence and passing upon the credibility of the witness, and if the evidence, and the inferences to be reasonably drawn therefrom, are sufficiently substantial to support the finding of the jury, it should not be overthrown and held for naught simply because the judges reviewing the finding on the evidence possibly, or even probably, may have arrived at a conclusion different from the conclusion of the jury. This duty does not rest upon the reviewing court and is not to be included in its functions. This responsibility is solely upon the jury, the members of which have seen and heard the witnesses, and are in position to sift the truth from live testimony far better than a reviewing court can perform this function by reading such testimony in cold type in a record." Autry v. State, 34 Ala. App. 225, 229-30, 38 So.2d 348
(1949).
"[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense." Fuller v. State,269 Ala. 312, 333, 113 So.2d 153 (1959), cert. denied, Fullerv. Alabama, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).
 II
At trial, the defense called witness Jeanette King, who testified to the appellant's reputation for "traits of violence" and for "truth and veracity." On cross-examination, without objection, the prosecutor asked the witness the following questions: (1) "[H]ave you heard rumors or reports in the neighborhood that [the appellant] shot at Carl Page on Friday night before the shooting?"; (2) "Have you heard that November before the shooting that there were reports and rumors that [the appellant] was shooting out in front of the trailer of Lora Hagler?"; (3) "Have you heard that police came out there in front of Lora Hagler's trailer and had to get her to leave Lora Hagler's house in November before the shooting?"; (4) "Have you heard that [the appellant] was arrested for counterfeiting?" Objection was made only after this last question when defense counsel requested a mistrial.
The rule is that "[i]f the [character] witness testifies only to accused's good general reputation with respect to a particular germane trait, the state may not question the witness as to his having heard derogatory rumors which are not relevant to such germane trait." C. Gamble, McElroy's AlabamaEvidence § 27.01(6) (3rd ed. 1977). Under this rule, questions (1), (2), and (3) were proper, even had timely objection been made and this issue preserved for review. "Objection to a question must be made as soon as the question is stated."Embrey v. State, 283 Ala. 110, 116, 214 So.2d 567 (1968).
 "In these circumstances, the questions were proper. Because the witnesses were asked on direct examination about appellant's good reputation for both peacefulness and truthfulness, it was proper for the prosecutor on cross examination to question the witnesses about *Page 82 
whether they had heard rumors imputing acts of violence to the appellant which occurred prior to the time he was charged with the present offense. Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948); C. Gamble, McElroy's Alabama Evidence § 27.01(6) (3d ed. 1977). These rumors were relevant to negate the witnesses' testimony as to appellant's good reputation for peacefulness." Smith v. State, 446 So.2d 68, 73 (Ala.Cr.App. 1984).
A witness testifying to the defendant's character for peace and quiet may be asked on cross-examination if he had not heard of specific acts of violence on the part of the defendant.Jones v. State, 31 Ala. App. 504, 506, 19 So.2d 81 (1944).
Question (4), on the appellant's arrest for counterfeiting, was permissible and relevant to negate the witness's testimony as to the appellant's good reputation for truth and veracity. See Odom v. State, 356 So.2d 242, 244 (Ala.Cr.App.), cert. denied, Ex parte Odom, 356 So.2d 246 (Ala. 1978).
 III
In his closing argument to the jury, the prosecutor stated: "Let me submit this to you. Even if you believe the trespasser's [the appellant's] story, she is still a trespasser. Lora Hagler had a right to take this stick and beat her. She had the right to take her gun and shoot her." The trial judge properly overruled the objection of defense counsel because there was evidence to support the prosecutor's argument.
Lora Hagler testified to the effect that the appellant broke into her trailer, shot Page when he refused to return with her, shot her while she and her child were under the bed, and that she "wrestled" with the appellant after the appellant ran out of bullets. Miss Hagler's testimony, if believed, would justify her use of deadly physical force against the appellant pursuant to Alabama Code 1975, § 13A-3-25.
"The gravity of [the] charge, volume of evidence, credibility of witnesses, inferences to be drawn from various phases of evidence, and legal principles involved, to be presented in instructions to the jury, are all matters within proper scope of argument." Payne v. State, 261 Ala. 397, 406, 74 So.2d 630
(1954). "It is the right of counsel under the guidance of the court, to discuss the rules of law applicable to the different phases of the testimony." Davis v. State, 213 Ala. 541, 543,105 So. 677 (1925); Howard v. State, 390 So.2d 1070, 1073-74
(Ala.Cr.App.), cert. denied, Ex parte Howard, 390 So.2d 1077
(Ala. 1980).
The trial court instructed the jury on the se of force in defense of premises under § 13A-3-25 and specifically charged them that "I may not use deadly force simply because the neighbor is trespassing." We find no error in the prosecutor's comment.
 IV
The appellant argues that the cumulative effect of three errors created "an ineradicable prejudice and bias" against her and deprived her of a fair and impartial trial. Appellant's brief, p. 9.
A bullet found in the wall of the trailer several months after the shooting was admitted into evidence over the objection that "there is a lack of chain of custody and that the discovery . . . is remote in time." Because it was never disputed that the appellant shot Page with the pistol found in her possession, any error in the admission of the bullet was harmless error. Ex parte Bush, 474 So.2d 168, 171 (Ala. 1985). "A defendant cannot complain of the admission of improper evidence when he himself has testified to the same facts."Lewis v. State ex rel. Evans, 387 So.2d 795, 807 (Ala. 1980).
The appellant's requested jury charge # 57 was substantially and fairly covered in the trial court's oral instructions on the burden of proof, the presumption of innocence, and, specifically, that "the defense does not have to prove anything to you." Requested charge # 69 on apparent peril was properly refused because the legal principle embraced within that charge was covered in requested charge # 68, which was given.
Under Alabama Code 1975, § 1216-13, a trial court does not commit error in refusing to give a requested charge where the import and intent of the requested *Page 83 
charge are "substantially and fairly" covered in its given charge even though the actual language of the requested charge is not employed in the oral charge. White v. State,410 So.2d 135, 136 (Ala.Cr.App. 1981). Even though a refused charge may be preferred as a statement of the law over a given charge, where the given charge substantially and fairly conveys the thought or principle "encapsulated" in the refused charge, then the refusal is free of error. Buckelew v. State, 48 Ala. App. 411, 41718, 265 So.2d 195 (1972). Finally, we find no "cumulative error."
 "We have had no case called to our attention which would establish a rule of cumulative prejudice because more than one superfluous written charge — even though flawless as to law or rule of evidence — has been refused in the context of substantially correct delivered directions of law considered in their entirety, written or oral or both. Such a rule would elevate technicality above common sense and fairness to society." Reed v. State, 43 Ala. App. 419, 423, 191 So.2d 258 (1966).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.